■ DEBBIE J. CHRISTIANA, as Administrator of the Estate of DOMINIC J. GIAMEI, JR., Deceased, Respondent, v BENEDICTINE HOSPITAL, Appellant, et al., Defendants. [670 NYS2d 263] —Mikoll, J. P. Appeal from that part of an order of the Supreme Court (Torraca, J.), entered January 15, 1997 in Ulster County, which denied a cross motion by defendant Benedictine Hospital for summary judgment dismissing the complaint and all cross claims against it.

Plaintiff commenced this action against defendant Benedic-

tine Hospital (hereinafter the Hospital) and four physicians alleging malpractice, negligence and wrongful death arising out of their treatment of her 20-year-old son (hereinafter decedent), who sustained serious injuries to his chest and head when run over by a farm tractor. On October 26, 1991, shortly after the accident, decedent was transported to the Hospital, arriving at 11:29 A.M. Upon his arrival at the emergency room, decedent was attended by defendant Daniel G. Hafner, the physician in charge of the Hospital's emergency room. Although decedent was alert, conscious and able to communicate, Hafner determined that he was in critical condition, having sustained a "flailed chest", and was experiencing respiratory distress. Hafner ordered a chest X ray and a series of blood tests. Hafner also consulted with defendant Deepak R. Patel, the surgeon on call at the Hospital, who arrived at the emergency room at 11:58 A.M. and took control of decedent's care.

Within the first half hour of their arrival at the Hospital, plaintiff requested of Hospital personnel, Hafner and Patel that decedent be transferred to a trauma center. As of that date, there were two designated level 1 trauma centers in the area: Albany Medical Center and Westchester Medical Center. Patel examined decedent, ordered a CT scan and also determined that in view of decedent's injuries and respiratory distress, intubation was necessary to control and assist his breathing. The procedure was undertaken at 1:30 P.M. by defendant Nasser Ghazvini in the emergency room, during which decedent aspirated and suffered respiratory arrest. He was resuscitated under the management of Hafner, and chest tubes were inserted by Patel at that time. At 3:28 P.M. a second CT scan was performed. At 4:11 P.M., while decedent was still in the CT scan room, he suffered cardiac arrest. Resuscitation efforts proved ultimately unsuccessful and he was pronounced dead at 5:06 P.M.

In this action, plaintiff alleges that defendants' treatment of decedent deviated from the prevailing standard of care and proximately caused his death. Specifically, plaintiff alleges that defendants failed to timely provide essential emergency care in view of his condition, including, *inter alia*, transfer to an appropriate trauma center. Patel asserted cross claims against the other defendants and, upon completion of discovery, moved for summary judgment dismissing the complaint against him.

The Hospital likewise cross-moved for summary judgment dismissing the complaint and all cross claims against it.*

This appeal involves only the denial of the Hospital's cross motion for summary judgment, which was based, *inter alia*, upon counsel's affidavit and the affidavit of Patel, submitted in support of his own motion for summary judgment, the denial of which has not been appealed. The Hospital itself submitted no physician's affidavit, contending instead that Patel's affidavit established entitlement to summary judgment for all defendants. Plaintiff's opposition to the Hospital's motion relied principally on the affidavit of Paul Rossi, a physician who identified, as causative or contributing factors in decedent's death, defendants' delay in rendering essential medical services to decedent and their failure to transfer him to an appropriate trauma center. Rossi stated that the actions and inaction of defendants constituted a deviation from the requisite standard of care and were significant, proximate factors in decedent's death.

Supreme Court, in denying the motion, found that the submissions presented conflicting testimony with respect to the treatment administered and treatment omitted, and conflicting professional opinions as to the need for same. The court further found that the conflicting testimony related to actions and omissions of all defendants, including the Hospital. The Hospital contends that Supreme Court erred in finding that plaintiff produced sufficient evidence to demonstrate the Hospital's deviation from the prevailing standard of care and its proximate causation of decedent's death, noting that the Rossi affidavit focused primarily on the treatment rendered by Patel. We decline to reach this question, however, because our review of the record satisfies us that the Hospital failed in the first instance to set forth sufficient evidence establishing its entitlement to summary judgment.

"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Only when such a showing has been made must the opposing party set forth evidentiary proof establishing the existence of a material issue of fact (*see, e.g., Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 ["Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers"]).

---

* The remaining defendants, Ghazvini, Hafner and Nirmal K. Parikh, likewise moved for summary judgment. Those motions are not the subject of the order on appeal.

As noted, the Hospital's motion was not supported by an affidavit of its own medical expert, but relied instead on that of Patel. A review of Patel's affidavit, detailing his treatment of decedent, reveals no specific reference to the care provided to decedent by the Hospital. The only portion of his affidavit arguably encompassing the Hospital's care is his conclusory assertion that treatment was appropriate and no negligence or malpractice caused or contributed to decedent's death. Such conclusory statements do not constitute the prima facie evidentiary showing that is required of the proponent of a summary judgment motion (*see, Winegrad v New York Univ. Med. Ctr.*, *supra*, at 852-853).

The facts of *Kelly v St. Peter's Hospice* (160 AD2d 1123), relied upon by the Hospital, are significantly distinguishable. Supporting the summary judgment application in *Kelly* was evidence that the defendant Hospice's limited responsibility was to render plaintiff's decedent palliative care, not treatment of her disease, and that physicians' affidavits on this issue were held to be sufficient to impose upon the plaintiff the burden of establishing the existence of a material, triable issue of fact. In contrast, material issues of fact exist here as to the treatment that was required, that which was provided and that which was not provided. Summary judgment was therefore properly denied to the Hospital by Supreme Court.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.