■ JOHN M. CROMARTY, Appellant, v WALID S. HAMMOUD et al., Respondents, et al., Defendant. [718 NYS2d 435] —Lahtinen, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered October 14, 1999 in Broome County, which

granted defendant Walid S. Hammoud's motion for summary judgment and dismissed the complaint against all defendants, and (2) from the judgment entered thereon.

This medical malpractice action arose in the aftermath of outpatient surgery that plaintiff underwent on August 25, 1995 to correct a right inguinal hernia condition which was performed by defendant Walid S. Hammoud (hereinafter defendant), a physician associated with defendant United Medical Associates. After the procedure, plaintiff returned to defendant on four occasions in the month following his surgery complaining of persistent pain and discoloration in the groin area. During the last visit on September 25, 1995, plaintiff reported that he had noticed blood in his semen.

The next day, plaintiff sought a second opinion concerning his postoperative condition, consulting a surgeon at the Guthrie Clinic in Sayre, Pennsylvania. After a testicular ultrasound indicated that the flow of blood to the right testicle may have been compromised, the surgeon performed a second surgical procedure on September 28, 1995. Two days later, plaintiff underwent an orchiectomy, the removal of his right testicle.

Plaintiff commenced this medical malpractice action in 1997, pursuing recovery under two theories. In the first cause of action, he alleged that the initial surgery by defendant was performed in a negligent manner, resulting in a condition known as orchialgia after right herniorrhaphy, which eventually resulted in the loss of his right testicle. Plaintiff also asserted a lack of informed consent claim in the second cause of action, maintaining that defendant failed to disclose the risks, dangers and possible consequences attendant to his hernia surgery, particularly the possibility of damage to a testicle.

Defendant and United answered and, after the parties engaged in some discovery, defendant moved for summary judgment dismissing the complaint. Plaintiff opposed the motion and Supreme Court granted defendant's motion, dismissing the complaint against defendant and United. Plaintiff appeals. Because we have identified triable issues of fact warranting a trial, we now reverse.

We first address the negligent treatment claim. Through the affidavit of Robert Huddle, a Board-certified surgeon, defendant asserted that evidence of injury to the testicle incident to hernia surgery is not necessarily indicative of negligence, that post hernia neuralgia may be seen in patients who have sustained nerve damage during surgery and those that have not, and that it would be impossible to determine whether plaintiff's postoperative discomfort was caused by "the suture

reported at the internal linguinal ring" (presumably a reference to a suture discovered in the course of the subsequent surgeries). Huddle asserted generally that the procedure employed by defendant was a recognized and appropriate technique to correct a hernia condition. Positing that the cause of plaintiff's injuries was the subsequent surgeries which he maintained were premature, Huddle indicated that it was impossible to distinguish the effect of those procedures from the initial surgery and speculated that "the testicle in this case would have likely descended and the pain resolved within six months if there had been no further intervention." Defendant's expert noted that any injury that might have occurred would not necessarily have been a result of negligence and, in any event, could not be distinguished from injuries incident to the subsequent surgeries.

Finding the affidavit of defendant's expert sufficient to establish prima facie entitlement to summary judgment, we next examine whether plaintiff's expert adequately rebutted defendant's evidence. Incorporating by reference a letter report which detailed the course of treatment that plaintiff underwent during the relevant time period, Donald De Santis, a Board-certified surgeon, averred that defendant deviated from accepted standards of medical care and "did [plaintiff] irreparable harm when he repaired his inguinal hernia." There having been no indication of testicular abnormalities prior to the initial surgery, De Santis noted that the testicular scan conducted afterward, prior to the second and third surgeries, showed "an abnormal right testicle with diminished blood flow." He opined that, during the first surgery, "the right testicle's blood supply from the spermatic artery was interrupted and that this deprivation caused the subsequent atrophy of the testicle," necessitating the second surgery and, ultimately, the removal of the testicle. Given the disputed expert medical evidence in the record in this case, particularly the controversy as to the existence of diminished blood flow following the initial surgery and its cause, we have identified issues of fact which should be resolved by a jury. Accordingly, defendant and United were not entitled to summary judgment on the negligent treatment cause of action (*see, Clark v Medical Coll. Physicians Group*, 244 AD2d 599, 600; *Wahila v Kerr*, 204 AD2d 935, 937; *Nandy v Albany Med. Ctr. Hosp.*, 155 AD2d 833, 834).

Similarly, with respect to the lack of informed consent claim, we find that defendant failed to come forward with evidence establishing prima facie entitlement to summary judgment and, as such, the burden never shifted to plaintiff to rebut such

evidence (*see generally*, *Christiana v Benedictine Hosp.*, 248 AD2d 910, 912-913). Defendant's own expert indicated in his affidavit that "the risk of injury to the testicle in the surgery performed by defendant is recognized as very high" even when the procedure is properly executed, yet defendant offered no evidence that he advised plaintiff of such a risk. Rather, defendant's proof consisted of a general consent for operation form executed by plaintiff which provides no indication of the nature of any risks disclosed and an excerpt from defendant's deposition in which he asserted only that he advised plaintiff that the surgery could result in pain, swelling and numbness that would abate over time. Accordingly, defendant did not come forward with proof that he "disclose[d] the reasonably foreseeable risks associated with the treatment or procedure" (*Santilli v CHP, Inc.*, 274 AD2d 905, 907) and, as such, was not entitled to dismissal of plaintiff's lack of informed consent claim.

Crew III, J. P., Spain and Carpinello, JJ., concur. Ordered that the order and judgment are reversed, on the law, with costs, and motion denied.