OPINION OF THE COURT
 

 Ciparick, J.
 

 In this action to recover damages for medical malpractice and lack of informed consent, we are called upon to decide whether a triable issue of fact exists to defeat defendant’s motion for summary judgment. We conclude there is not.
 

 As the parties’ summary judgment submissions reflect, plaintiff Lynn G. visited defendant Dr. Norman Hugo, a plastic surgeon, approximately 50 times over a six-year period to discuss various cosmetic procedures. During that period, she underwent a series of elective surgeries, including eyelid surgery, facial liposuctions, eyebrow tattooing, and wrinkle and skin growth removals. Satisfied with these results, plaintiff elected to undergo liposuction on February 9, 1993 to correct, among other things, her “pouch”-like stomach. Prior to the operation, defendant discussed the procedure with plaintiff and advised her of the risks, including scarring. Acknowledging these risks, plaintiff executed a consent form and, in her own handwriting, indicated “I understand” on her hospital chart.
 

 When the liposuction failed to produce the desired results, plaintiff underwent a full abdominoplasty or “tummy tuck” to tighten her abdomen. Prior to the surgery, defendant informed plaintiff of the risks associated with an abdominoplasty, including “ugly scars.” Once again, plaintiff acknowledged, in writing, her understanding of the risks and executed a consent form. Following her surgery on November 9, 1993, plaintiff complained of an unsightly scar on her abdomen.
 

 Plaintiff and her husband, derivatively, commenced this medical malpractice action against defendant, alleging lack of informed consent and medical malpractice. Specifically,
 
 *309
 
 plaintiff claims that she lacked capacity to consent to the procedures because she suffered from Body Dysmorphic Disorder (BDD), a preoccupation with slight or imaginary physical imperfections that causes considerable distress or functional impairment (Diagnostic and Statistical Manual of Mental Disorders, 300.7, at 507 [4th ed 1994]). Plaintiff maintains that her numerous “unnecessary” surgeries, together with defendant’s knowledge of her use of antidepressant medication, should have alerted him to her condition, and that defendant was negligent in not referring her to a psychiatrist before performing the surgeries. Plaintiff also claims that her consent was not informed because defendant failed to advise her of less invasive alternatives to a full abdominoplasty. Finally, plaintiff alleges that defendant was negligent in combining significant truncal liposuction and a full abdominoplasty.
 

 Following completion of discovery, defendant moved for summary judgment dismissing plaintiff’s complaint. Supreme Court denied the motion, concluding that the parties’ conflicting expert affidavits raised issues of fact on all claims. A divided Appellate Division affirmed and certified the following question to us: “Was the order of the Supreme Court, as affirmed by this Court, properly made?” We answer that question in the negative.
 

 The parties’ submissions entitled defendant to judgment as a matter of law. Defendant made a prima facie showing of informed consent by submitting deposition testimony and medical records establishing that he had informed plaintiff of the risks associated with the procedures, including scarring, and that she had signed written consent forms indicating her understanding of those risks
 
 (see,
 
 Public Health Law § 2805-d [1]). In addition, defendant furnished a report from a psychiatrist who examined plaintiff and determined that she did not suffer from BDD or any other “major psychiatric disorder” that would impair her ability to consent
 
 (see,
 
 Public Health Law § 2805-d [3]).
 

 Defendant also furnished an affidavit from a plastic surgeon who reviewed the medical records and deposition testimony and opined that defendant adequately informed plaintiff of all risks and alternatives, and did not deviate from acceptable medical practice by not referring her to a psychiatrist. He noted that nothing in plaintiff’s medical history indicated that she suffered from BDD, nor was her use of antidepressant medication sufficient to alert defendant to this condition. With respect to plaintiff’s claim that defendant negligently combined lipo
 
 *310
 
 suction with a full abdominoplasty, the expert concluded that defendant properly spaced the two procedures nine months apart to allow adequate time for healing.
 

 In opposition, plaintiff submitted affidavits from a plastic surgeon and a psychiatrist. These affidavits, however, fail to create a genuine issue of material fact. First, they raise no issue that plaintiff suffered from BDD at the time of her surgeries, or that her ability to consent was impaired by any mental disorder. Instead, plaintiff’s experts could only surmise that her depression and obsession with her appearance were “consistent with a form of’ BDD, and that defendant should have ascertained plaintiffs mental condition before performing the surgeries. The record is otherwise devoid of proof that plaintiff actually suffered from BDD at the time of her surgeries, or that she was mentally incapable of understanding the alternatives and risks associated with the procedures. Plaintiff was not under psychiatric care at the time of her surgeries and, in fact, indicated on a medical questionnaire that she did not suffer from a psychiatric illness. The only other proof submitted to show that plaintiff had BDD was her deposition testimony that she had “discussed” BDD with her former psychiatrist, who had since died and whose records were unavailable, and that he thought she was “crazy for wanting to have surgery.” Such unsubstantiated assertions or speculations are, of course, insufficient to create a triable issue of fact
 
 (see, Alvarez v Prospect Hosp.,
 
 68 NY2d 320, 325).
 

 Nor does a question of fact exist as to whether plaintiffs consent was vitiated by defendant’s failure to inform her of less invasive alternatives. All that was tendered by plaintiff to support this claim was a plastic surgeon’s affidavit stating that defendant “would” have departed from accepted medical practices “if [he] did not inform [her] of * * * less invasive procedures,” such as a suction assisted lipectomy, or a modified or mini-abdominoplasty. These conclusory assertions fall short of raising a fact question regarding reasonable alternatives. Moreover, plaintiffs own deposition testimony reveals that defendant did, in fact, discuss these options with her. Finally, plaintiff’s expert’s conclusory assertion that defendant departed from acceptable medical practice by combining liposuction with a full abdominoplasty also fails to create a triable issue of fact. Nothing in the record indicates that both procedures were performed simultaneously, nor does plaintiff’s expert rebut defendant’s expert’s conclusion that Dr. Hugo properly waited nine months before performing the second procedure. Under
 
 *311
 
 the circumstances of this case, summary judgment in favor of defendant is appropriate.
 

 Opinion per Cepakick, J.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, defendant’s motion for summary judgment granted and the certified question answered in the negative.
 

 Chief Judge Kaye and Judges Smith, Levine, Wesley, Rosenblatt and Graffeo concur.
 

 Order reversed, etc.