■ CALVIN W. GONG et al., Individually and as Parents and Guardians of BRANDON DI NAPOLI, an Infant, Respondents, v DAUT S. GJONI, Respondent, et al., Defendants, and NATHAN LITTAUER HOSPITAL AND NURSING HOME, Appellant. [741 NYS2d 600] —Rose, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered August 15, 2001 in Saratoga County, which, inter alia, partially denied a cross motion by defendant Nathan Littauer Hospital & Nursing Home for summary judgment dismissing the complaint against it.

In this medical malpractice action, plaintiffs allege that defendant Daut S. Gjoni, an obstetrician, and the nursing staff of defendant Nathan Littauer Hospital & Nursing Home (hereinafter the hospital) failed to timely secure the services of an anesthesiologist prior to Gjoni's delivery of plaintiffs' son (hereinafter the infant) by cesarean section in September 1997. Because the hospital's staff could not contact defendant Terrance Leong, the on-call anesthesiologist, Gjoni was unable to commence the cesarean section until another anesthesiologist arrived approximately 25 minutes later. The infant sustained permanent brain damage and developmental disabilities allegedly as the result of hypoxia during the time between when Gjoni was prepared, but unable, to perform the cesarean section and when the infant was later resuscitated.

Following joinder of issue and extensive discovery, Leong and defendant Laurence Horowitz, the pediatrician who resuscitated the infant, each moved for summary judgment dismissing the complaint and any cross claims against them. The hospital and Gjoni, relying primarily on the reasons set forth in the motions by Leong and Horowitz, each cross-moved for dismissal of claims based on the acts or omissions of Leong, Horowitz and the hospital staff. In response, plaintiffs offered no evidence that Leong or Horowitz had deviated from any accepted standard of medical care, and conceded that neither the hospital nor Gjoni could be held vicariously liable for their conduct. Plaintiffs, however, did oppose the cross motions to the extent that they sought dismissal of claims arising out of the acts and omissions of the hospital's nursing staff. Supreme Court granted the motions by Leong and Horowitz, dismissing the complaint against them, as well as the portion of the hospital's and Gjoni's cross motions seeking dismissal of claims premised on the conduct of either Leong or Horowitz, but denied dismissal of the claims premised on the conduct of the hospital's nursing staff. The hospital now appeals.

It is well settled that once the proponent of a motion for summary judgment has shown a prima facie entitlement to judgment as a matter of law (*see, Toomey v Adirondack Surgical Assoc.*, 280 AD2d 754, 754), the burden of demonstrating a material issue of fact then shifts to the opposing party (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Horth v Mansur*, 243 AD2d 1041, 1042). Here, the hospital met its initial burden by citing the expert evidence offered by Leong and Horowitz to establish that the cesarean section was performed within the medically-accepted time period of 30 minutes after the decision to perform the procedure was made, that this same standard applies to hospitals under 10 NYCRR 405.21 (c) (11), and that the infant's resuscitation was properly and timely conducted under the sole direction of Horowitz (*see, Alvarez v Prospect Hosp.*, supra at 325-326). This evidence exonerating the nursing staff shifted the burden to plaintiffs to demonstrate some other basis for liability (*compare, Christiana v Benedictine Hosp.*, 248 AD2d 910, 912).

Plaintiffs' burden as to the hospital's failure to contact an anesthesiologist sooner was met by Gjoni's evidence that its nursing staff was forewarned that a cesarean section would likely be necessary before he decided to perform the procedure. As noted by Supreme Court, Gjoni asserted that, once forewarned, the nursing staff should have immediately made efforts to secure the attendance of an anesthesiologist. Accordingly, Supreme Court found material issues of fact concerning the omissions of the nursing staff prior to Gjoni's decision to proceed with the cesarean section, and properly denied dismissal of such claims (*see, Cromarty v Hammoud*, 278 AD2d 691, 693; *Flower v Noonan*, 271 AD2d 825, 826). As to resuscitation, however, plaintiffs' papers opposing the hospital's cross motion offer no evidence of negligence on the part of its staff and, on oral argument, plaintiffs conceded that there is no evidence of such negligence in this record. Thus, plaintiffs failed to meet their burden of proof in opposing this branch of the hospital's cross motion (*see, Toomey v Adirondack Surgical Assoc.*, supra at 755-756; *Douglass v Gibson*, 218 AD2d 856, 857-858).

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of the cross motion of defendant Nathan Littauer Hospital & Nursing Home seeking dismissal of all claims based on said defendant's alleged negligence in resuscitating the infant; cross motion granted to that extent and said claims dismissed against said defendant; and, as so modified, affirmed.