CECELIA SCANGA et al., Respondents, v FAMILY PRACTICE ASSOCIATES OF ROCKLAND, P.C., et al., Appellants. [753 NYS2d 744] —In an action to recover damages for medical malpractice, etc., the defendants Family Practice Associates of Rockland, P.C., C. Shapiro, and Domenic A. Monaco appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated July 27, 1999, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the defendants Phillips Hill Surgical Associates, P.C., and Lawrence Simon separately appeal, as limited by their brief, from so much of the same or-

der as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

This medical malpractice action arises out of the alleged negligence of the defendants C. Shapiro and Lawrence Simon in failing to diagnose the decedent Bruno Scanga's (hereinafter Scanga) cancer of the colon during examinations conducted several months before Scanga was diagnosed with the disease. The defendants contend that, even assuming that they were negligent, any negligence on their part was not a proximate cause of Scanga's injury. The Supreme Court denied the defendants' respective motions for summary judgment. We affirm.

The defendants, as movants, bore the initial burden of establishing their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851). They failed to meet that burden. The defendants submitted an affirmation by a medical expert, who stated that Scanga's cancer was as "unresectable in February as in June," and claimed that "beginning chemotherapy 3 or 4 months earlier would have had an insubstantial effect on how long plaintiff [would] live or on the quality of his remaining days." While the affirmation indicates that an early death may have been certain, it fails to establish that the allegedly negligent failure to diagnose the disease in February of 1997 was not a substantial factor in shortening the length of Scanga's life (*see Hughes v New York Hosp.—Cornell Med. Ctr.*, 195 AD2d 442, 444 [reversing a dismissal of the complaint where it was "possible to conclude that a few more weeks or months of life would have been possible but for the omission"]). Accordingly, the Supreme Court properly denied the defendants' motions for summary judgment. Ritter, J.P., Altman, S. Miller and Townes, JJ., concur.