◼ Aida Colon, Respondent, v Joyce A. Klindt, Appellant. [755 NYS2d 417] —In an action to recover damages for medical malpractice, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated December 7, 2001, as denied her motion for summary judgment dismissing the complaint with leave to renew upon the completion of discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

In her complaint, the plaintiff alleged, among other things, that the defendant undertook to provide medical care to her in connection with a proposed bilateral therapeutic breast reduction, that the defendant violated her duty to inform the plaintiff

of all the risks associated with the proposed operation, and that the defendant later performed that operation in a negligent manner. In her bill of particulars, the plaintiff alleged that as a result of the foregoing, she has suffered a "significant, disfiguring and extensive hypertrophic scarring in the area of [her] chest." She also alleged that, as a result of the defendant's negligence, she suffered "wound dehiscence requiring debridement and flap closure [of] open wound[s] [in] both breasts under general anesthesia," as well as other injuries.

Prior to complying with outstanding demands for disclosure, the defendant moved for summary judgment dismissing the complaint. However, she did not submit an affidavit on her own behalf. Instead, the defendant submitted the affidavit of a physician who had reviewed certain medical records, certain photographs, the plaintiff's bill of particulars, and a transcript of the plaintiff's deposition testimony. Based on these documents, the physician averred, "Plaintiff was properly informed of the risks, complications, and benefits of all of the procedures * * * and nothing [the defendant] did or did not say or do in treating the plaintiff proximately caused any injury." He added, "Plaintiff's post-operative scarring is not 'disfiguring,' excessive or extensive." This physician also asserted that wound dehiscence is an inherent risk of this type of surgery, and that its occurrence is not indicative of malpractice.

In opposition, the plaintiff submitted an affidavit in which she repeated her assertion that the scarring was in fact disfiguring and significant, an assertion that she argued could be confirmed by the examination of certain photographs. She averred that the defendant did not explain to her that there was a particular risk of hypertrophic scarring in her case, in light of her particular skin pigmentation. She also submitted the affidavit of a physician who likewise asserted that the scarring that resulted from the procedure was "significantly disfiguring," and that the plaintiff should have been informed of the elevated risk of such scarring that she faced.

The Supreme Court properly denied the defendant's motion with leave to renew upon the completion of discovery. "[I]t is often appropriate to deny summary judgment with leave to renew, where the movant has failed to comply with discovery demands" (*Noonan v New York Blood Ctr.*, 269 AD2d 323, 324 [2000]; *see Colicchio v Port Auth.*, 246 AD2d 464 [1998]). The conclusory medical affidavit submitted on her behalf did not make up for the defendant's failure to submit her own affidavit or the transcript of her own deposition testimony (*cf. Lynn G. v Hugo,* 96 NY2d 306 [2001]). In fact, the defendant had yet to be deposed at the time that this motion was made.

The defendant's submissions do not establish, as a matter of law, that the scarring that the plaintiff actually experienced as a result of the procedure was, in its nature and in its extent, consistent with the type of scarring that, prior to the procedure, the plaintiff had been told to consider as being among the "reasonably forseeable risk[s]" of the proposed procedure, or that a "reasonable, fully informed person in the plaintiff's position" would have undergone the procedure despite the existence of such risk (*Santilli v CHP, Inc.,* 274 AD2d 905, 907 [2000]). The defendant therefore failed to meet her initial burden of demonstrating entitlement to summary judgment on the plaintiff's cause of action based on lack of informed consent, and summary judgment was unwarranted on that cause of action irrespective of the sufficiency of the plaintiff's submissions (*see Cromarty v Hammoud,* 278 AD2d 691 [2000]; *Santilli v CHP, Inc., supra* at 907; *cf. Agnese v Cattani,* 291 AD2d 515 [2002]; *Dunlop v Sivaraman,* 272 AD2d 570 [2000]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Ritter, H. Miller and Rivera, JJ., concur.