■ LUCILLE LERNER, Appellant, v ARLENE KAHN et al., Defendants, and HUDSON VALLEY RADIOLOGY ASSOCIATES, PLLC, Also Known as MID ROCKLAND IMAGING ASSOCIATES, P.C., et al., Respondents. [787 NYS2d 95]—

In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Rockland County (O'Rourke, J.), dated April 9, 2003, as granted that branch of the motion of the defendants Hudson Valley Radiology Associates, PLLC, also known as Mid Rockland Imaging Associates, P.C., and Vincent I. Frazzini, Jr., which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) an order of the same court dated April 14, 2003, as granted that branch of the motion of the defendant Lawrence Suchoff which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the orders are reversed insofar as appealed from, on the law, with one bill of costs, those branches of the motions which were to dismiss the complaint insofar as asserted against the defendants Hudson Valley Radiology Associates, PLLC, also known as Mid Rockland Imaging Associates, P.C., Vincent I. Frazzini, Jr., and Lawrence Suchoff are denied, and the complaint is reinstated against those defendants.

In early April 2000, the plaintiff, Lucille Lerner, began to experience spasms in her upper back, neck, and shoulders, and numbness in her fingers. She went to the defendants Dr. Arlene Kahn and Dr. Eric Goldman (hereinafter Kahn and Goldman). Kahn and Goldman referred the plaintiff to the defendant Dr. Lawrence Suchoff who treated her on April 21, 2000. Dr. Suchoff, recommended that the plaintiff undergo a magnetic resonance imaging (hereinafter MRI) on an emergency basis.

The plaintiff underwent an MRI of her cervical spine on April 22, 2000, at the defendant Hudson Valley Radiology Associates, PLLC, also known as Mid Rockland Imaging Associates, P.C. (hereinafter Radiology Associates). On April 23, 2000, she again visited Dr. Suchoff. Dr. Suchoff gave her his records for Kahn and Goldman to review the next day.

On April 24, 2000, the defendant Dr. Vincent J. Frazzini, Jr., reported the results of the plaintiff's MRI as revealing merely

multilevel spondylytic disease, with a mild degree of spinal cord deformity at C6-C7. At Dr. Suchoff's request later that day, Radiology Associates undertook to review the MRI again. A supplemental MRI report was issued on April 25, 2000.

Meanwhile, the plaintiff returned to Kahn and Goldman on April 24th and brought with her Dr. Suchoff's records. Dr. Goldman manipulated her neck on that date. On April 25, 2000, the plaintiff went to Good Samaritan Hospital complaining of increased pain. A neurosurgeon diagnosed her with a spinal contusion, a finding allegedly missed by Dr. Frazzini in his original MRI report. The plaintiff underwent a complete laminectomy the following day.

Radiology Associates and Dr. Frazzini moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion on the ground that Dr. Frazzini's error in reading the plaintiff's MRI could not be a proximate cause of any of her injuries. Dr. Suchoff separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, and the Supreme Court likewise granted his motion upon finding that nothing he did caused or contributed to the plaintiff's injuries.

The Supreme Court erred in granting the motion of Radiology Associates and Dr. Frazzini. These defendants failed to establish their prima facie entitlement to summary judgment by eliminating the possibility that Dr. Goldman viewed the erroneous MRI report before performing an adjustment on the plaintiff on April 24, 2000, thereby contributing to the severity of her injuries (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). The sufficiency of the plaintiff's opposition, therefore, need not be reached (*see Kolosovskiy v Vitale,* 7 AD3d 579 [2004]).

The Supreme Court also erred in granting Dr. Suchoff's motion. Dr. Suchoff recorded in his notes that he adjusted the plaintiff's neck on April 21, 2000, and his bill to her reflected that this procedure was performed. While Dr. Suchoff established through his deposition testimony that, in fact, he was unable to perform an adjustment on that date, he transmitted to Kahn and Goldman his records which indicated otherwise. Thereupon, Dr. Goldman, allegedly misled as to the plaintiff's true condition, manipulated her neck on April 24, 2000. Thus, Dr. Suchoff failed to establish his entitlement to summary judgment as a matter of law. His moving papers raised an issue of fact, inter alia, as to whether his alleged failure to alert Kahn and Goldman that he was unable to perform an adjustment on April 21st contributed to the severity of the plaintiff's injuries

(*see Winegrad v New York Univ. Med. Ctr., supra; Scanga v Family Practice Assoc. of Rockland,* 302 AD2d 443, 444 [2003]). H. Miller, J.P., Goldstein, Crane and Skelos, JJ., concur.