■ FARNOUSH REZVANI et al., Respondents, v KAUMUDI SOMNAY, Appellant. [882 NYS2d 910]—

In an action to recover damages for medical malpractice and

lack of informed consent, etc., the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated August 12, 2008, as denied those branches of her motion which were for summary judgment dismissing so much of the cause of action to recover damages for medical malpractice as was based on her failure to timely diagnose a perforated colon and the cause of action to recover damages for lack of informed consent.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant performed an endoscopic retrograde cholangiopancreatography (hereinafter ERCP) on the plaintiffs' decedent, during which the decedent's colon was perforated. The decedent died one month later after four corrective surgeries. The plaintiffs thereafter commenced this action alleging causes of action to recover damages for medical malpractice and lack of informed consent and a derivative cause of action by the decedent's wife. The Supreme Court denied those branches of the defendant's motion which were for summary judgment dismissing so much of the cause of action to recover damages for medical malpractice as was based on her failure to timely diagnose the perforation and the cause of action to recover damages for lack of informed consent. The defendant appeals.

The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing so much of the cause of action to recover damages for medical malpractice as was based on her failure to timely diagnose the perforation. The defendant failed to meet her prima facie burden of demonstrating that she timely diagnosed the perforation. The opinion of the defendant's expert that the defendant detected the perforation "immediately" after the ERCP is not sufficiently supported by the record (see Cassano v Hagstrom, 5 NY2d 643 [1959]). Further, the defendant's expert failed to establish prima facie that any alleged delay was not a proximate cause of injury (see Nwabude v Sisters of Charity Health Care Sys. Corp., 309 AD2d 909 [2003]; Scanga v Family Practice Assoc. of Rockland, 302 AD2d 443 [2003]).

The Supreme Court also properly denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for lack of informed consent. The defendant failed to meet her prima facie burden on that branch of her motion, as she offered only a generic consent form signed by the decedent on the date of the procedure, as well as an operative report which summarized the information allegedly provided to the decedent. The defendant

failed, however, to offer her deposition testimony, or that of any other person with knowledge, establishing the specific risks, benefits, and alternatives of which decedent allegedly was informed (*cf. Lynn G. v Hugo,* 96 NY2d 306 [2001]; *Luu v Paskowski,* 57 AD3d 856 [2008]; *see Colon v Klindt,* 302 AD2d 551 [2003]).

Under these circumstances, we need not consider whether the plaintiffs' papers in opposition were sufficient to raise a triable issue of fact (*see Chaplin v Taylor,* 273 AD2d 188 [2000]). Rivera, J.P., Miller, Balkin and Austin, JJ., concur.