■ RENATA FISHKIN, Respondent, v GALINA FEINSTEIN, Appellant, et al., Defendant, et al., and STATEN ISLAND UNIVERSITY HOSPITAL, Respondent. [888 NYS2d 768]—

In an action to recover damages for medical malpractice, the defendant Galina Feinstein appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated January 9, 2009, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The defendant Galina Feinstein, a medical doctor, conducted a physical examination of the plaintiff's infant son (hereinafter the infant), who presented with abdominal pain, vomiting, and fever. Feinstein diagnosed the infant with a stomach virus. The next day, upon exacerbation of the infant's symptoms, the plaintiff brought him to the defendant Staten Island University Hospital, where he underwent surgery revealing that he had sustained a ruptured appendix.

The plaintiff, suing individually and on the infant's behalf, commenced this action against Feinstein, among others, to recover damages for medical malpractice based on, among other things, Feinstein's failure to timely diagnose the infant's appendicitis or order appropriate diagnostic tests. The Supreme Court denied Feinstein's motion for summary judgment dismissing the complaint insofar as asserted against her. Feinstein appeals and we affirm.

The Supreme Court properly denied Feinstein's motion for summary judgment. As an initial matter, the plaintiff correctly contends that Feinstein was not entitled to summary judgment since the papers she submitted in support of her motion failed to include copies of all of the pleadings filed in the action, as required by CPLR 3212 (b) (*see Wider v Heller,* 24 AD3d 433 [2005]; *Sted Tenants Owners Corp. v Chumpitaz,* 5 AD3d 663 [2004]; *Deer Park Assoc. v Robbins Store,* 243 AD2d 443 [1997]; *Lawlor v County of Nassau,* 166 AD2d 692 [1990]).

In any event, Feinstein's affidavit and other evidence submitted on her motion failed to establish her prima facie entitlement to judgment as a matter of law (*see Rivera v State of New York,* 29 AD3d 772 [2006]; *cf. Taylor v Nyack Hosp.,* 18 AD3d 537 [2005]). Feinstein testified during her examination before trial that the symptoms typical of appendicitis include vomiting, abdominal pain, and low-grade fever. Nonetheless, Feinstein submitted conflicting evidence in support of her opinion that the infant's symptoms were atypical for appendicitis, and that he was not suffering from appendicitis at the time she examined him (*see Center Candy, Inc. v CJB Food Mart, Inc.,* 50 AD3d 723 [2008]). Feinstein thus failed to make a prima facie showing

that, as a matter of law, she did not depart from good and accepted medical practice during the diagnosis and treatment of the infant (see Rivera v State of New York, 29 AD3d at 772).

Further, Feinstein failed to establish, prima facie, that any alleged delay in diagnosis was not a proximate cause of the infant's injury (see Nwabude v Sisters of Charity Health Care Sys. Corp., 309 AD2d 909 [2003]; Scanga v Family Practice Assoc. of Rockland, 302 AD2d 443 [2003]). Feinstein failed to submit evidence in support of her motion that the ruptured appendix was not caused by a delay in diagnosis or that diagnostic tests, even if ordered, would not have revealed the appendicitis. Thus, Feinstein's motion should have been denied regardless of the sufficiency of the plaintiff's opposing papers.

In light of our determination, we need not reach the parties' remaining contentions. Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.