■ NATALIE WILSON-TOBY, Respondent, v SHEILA CAROL BUSHKIN et al., Appellants. [898 NYS2d 633]—

In an action to recover damages for medical malpractice and lack of informed consent, the defendants appeal (1) from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 13, 2009, as denied that branch of their motion which was for summary judgment dismissing the second cause of action to recover damages based upon lack of informed consent, and (2), as limited by their brief, from so much of an order of the same court dated June 11, 2009, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated January 13, 2009, is dismissed, as that order was superseded by the order dated June 11, 2009, made upon reargument; and it is further,

Ordered that the order dated June 11, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff underwent elective cosmetic breast surgery performed by the defendant doctors, Sheila Carol Bushkin and Robert V. Cattani (hereinafter the defendants). The plaintiff commenced this action, alleging that the defendants performed the surgery improperly, causing disfigurement and significant scarring. The complaint alleges causes of action seeking to recover damages for medical malpractice and lack of informed consent.

The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied their motion in its entirety. On this appeal, the defendants challenge only the denial of that branch of their motion which was for summary judgment dismissing the cause of action sounding in lack of informed consent. The exhibits submitted in support of the motion included the deposition testimony of the plaintiff and of the defendants, medical records, and consent forms signed by the plaintiff. The consent forms advised the plaintiff generally that

the surgery would result in permanent scars without giving any specific description of the location, nature, extent, or appearance of the scars. In a supporting affidavit, Cattani opined that the consent forms established that the plaintiff "was advised of the risks, benefits and alternatives to the surgical procedures" and that "a proper informed consent was obtained."

Contrary to the defendants' contention, the consent forms signed by the plaintiff "do not establish, as a matter of law, that the scarring that the plaintiff actually experienced as a result of the procedure was, in its nature and in its extent, consistent with the type of scarring that, prior to the procedure, the plaintiff had been told to consider as being among the reasonably for[e]seeable risks of the proposed procedure, or that a reasonable, fully informed person in the plaintiff's position would have undergone the procedure despite the existence of such risk" (*Colon v Klindt*, 302 AD2d 551, 553 [2003] [internal quotation marks omitted]; *see Rezvani v Somnay*, 65 AD3d 537, 538-539 [2009]). Nor did the defendants establish the content of additional disclosures made beyond those contained in the consent forms. The deposition testimony raises a factual dispute between the plaintiff and the defendants as to the content of additional warnings and information they may have given the plaintiff prior to surgery. The existence of triable issues of fact in the defendants' moving papers precludes a finding that they established their prima facie entitlement to judgment as a matter of law sufficient to eliminate any material issues of fact (*see Brown v Outback Steakhouse*, 39 AD3d 450, 451 [2007]; *Gray v South Nassau Communities Hosp.*, 245 AD2d 337 [1997]; *Muscatello v City of New York*, 215 AD2d 463, 464 [1995]).

Accordingly, the defendants failed to meet their initial burden of demonstrating entitlement to judgment as a matter of law on the cause of action based on lack of informed consent, and summary judgment was unwarranted on that cause of action irrespective of the sufficiency of the plaintiff's submissions (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Rezvani v Somnay*, 65 AD3d at 539; *Colon v Klindt*, 302 AD2d at 553). Rivera, J.P., Florio, Angiolillo and Belen, JJ., concur.