■ MARIE RADKO, Individually and as Executor of ANDREW RADKO, Deceased, Respondent, v NITIN S. BANWAR, M.D., Appellant. [907 NYS2d 913]—

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered May 27, 2009 in a medical malpractice action. The order, insofar as appealed from, denied the motion of defendant for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed with costs.

Memorandum: This medical malpractice action was commenced by plaintiff and Andrew Radko (decedent), who died during the pendency of the action, and plaintiff was thereafter substituted as executor of decedent's estate. Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint. With respect to the first cause of action alleging that defendant negligently performed decedent's total knee replacement surgery, the conclusory statements of defendant that he did not deviate from accepted standards of care in performing the surgery are insufficient to meet his burden of establishing that the cause of action has no merit (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *S'Doia v Dhabhar*, 261 AD2d 968 [1999]). With respect to the second cause of action alleging lack of informed consent, defendant also failed to meet his burden of establishing his entitlement to judgment as a matter of law dismissing that cause of action. Defendant failed to establish that he advised decedent that the injuries decedent allegedly sustained were reasonably foreseeable risks of the surgery (*see Wilson-Toby v Bushkin*, 72 AD3d 810 [2010]; *Colon v Klindt*, 302 AD2d 551, 553 [2003]). The failure of defendant to meet his initial burden required denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad*, 64 NY2d at 853; *Canosa v Abadir*, 165 AD2d 823 [1990]). Present—Martoche, J.P., Centra, Carni, Lindley and Green, JJ.