MARIE SAMMARTINO GUZZI et al., Appellants, v ILENE GEWIRTZ, Respondent, et al., Defendants. [918 NYS2d 552]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see *Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (*DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; see *Wexelbaum v Jean*, 80 AD3d 756, 757 [2011]; *Roca v Perel*, 51 AD3d 757, 758 [2008]). Where a defendant in a medical malpractice action, in moving for summary judgment, makes only a prima facie showing that he or she did not deviate or depart from accepted medical practice, the plaintiff, in order to defeat summary judgment, need only raise a triable issue of fact as to the alleged deviation or departure, and need not address the issue of proximate cause (see *Stukas v Streiter*, 83 AD3d 18 [2d Dept 2011]). [decided herewith]).

Here, the defendant Ilene Gewirtz established her prima facie entitlement to judgment as a matter of law on the issue of deviation or departure from accepted medical practice by submitting, inter alia, an expert affirmation that she did not depart from accepted standards of care. In opposition, however, the plaintiffs, by the submission of an affidavit of their medical expert, raised a triable issue of fact as to whether Gewirtz's treatment of the plaintiff Marie Sammartino Guzzi departed from accepted standards of medical practice (*see generally Johnson v Queens-Long Is. Med. Group, P.C.*, 23 AD3d 525, 527 [2005]; *Zarzana v Sheepshead Bay Obstetrics & Gynecology*, 289 AD2d 570, 571 [2001]; *Walker v Mount Vernon Hosp.*, 272 AD2d 468 [2000]).

Therefore, the Supreme Court erred in granting Gewirtz's motion for summary judgment dismissing the complaint insofar as asserted against her. Covello, J.P., Florio, Eng and Chambers, JJ., concur.