■ ROSEMARIE BARNETT, Appellant, v EMMANUEL FASHAKIN et al., Respondents, et al., Defendant. [925 NYS2d 168]—

In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered May 28, 2010, as granted those branches of the motion of the defendants Emmanuel Fashakin, Surinder Malhotra, July Morbeth, Hiu Lam Ng, Nadia Younus, and Alpha-K Family Medical Practice, P.C., which were for summary judgment dismissing so much of the complaint as sought to recover damages for medical malpractice insofar as asserted against them and as sought to recover damages for lack of informed consent insofar as asserted against the defendant Surinder Malhotra, and (2) so much of a judgment of the same court entered July 8, 2010, as, upon the order, is in favor of the defendants Emmanuel Fashakin, Surinder Malhotra, July Morbeth, Hiu Lam Ng, Nadia Younus, and Alpha-K Family Medical Practice, P.C., and against her dismissing so much of the complaint as sought to recover damages for medical malpractice insofar as asserted against those defendants and as sought to recover damages for lack of informed consent insofar as asserted against the defendant Surinder Malhotra.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, those branches of the motion of the defendants Emmanuel Fashakin, Surinder Malhotra, July Morbeth, Hiu Lam Ng, Nadia Younus, and Alpha-K Family Medical Practice, P.C., which were for summary judgment dismissing so much of the complaint as sought to recover damages for medical malpractice insofar as asserted against them and as sought to recover damages for lack of informed consent insofar as asserted against the defendant Surinder Malhotra are denied, and the order entered May 28, 2010, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment entered July 8, 2010 (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant physician Emmanuel Fashakin is the owner of the defendant Alpha-K Family Medical Practice, P.C. (hereinafter Alpha-K), and the defendant physician assistants July Morbeth, Hiu Lam Ng, and Nadia Younus were employed by Alpha-K during the relevant time period. In January 2005, the plaintiff began receiving treatment from Alpha-K for complaints including nasal congestion and upper respiratory infection. In February 2005, the plaintiff met with the defendant Surinder Malhotra, an otolaryngologist who is not a member of Alpha-K, and she ultimately decided to have Malhotra perform sinus surgery. Malhotra performed the sinus surgery on April 22, 2005, and removed packing materials from the plaintiff's nose on the following day. After having the packing removed, the plaintiff never saw Malhotra again.

After her sinus surgery, the plaintiff continued to receive medical treatment from Alpha-K for various complaints. According to the plaintiff, in September 2006, she went to Alpha-K complaining of "typical postnasal drip" and also that a thin, clear water-like fluid was flowing from her nose. She was prescribed medication and referred to an allergist. On her final visit to Alpha-K in November 2006, she complained of frontal sinus pain and nasal congestion when she bent forward.

According to the plaintiff, she was hospitalized with meningitis in April 2007, and was subsequently diagnosed with a hole in her cribriform plate, a bone which separates the sinus cavity from the brain, and leakage of cerebral spinal fluid (hereinafter CSF) from that hole. In August 2007, the plaintiff underwent surgery to address "a large anterior skull base defect" and the CSF leak. Thereafter, she commenced this action, inter alia, to recover damages for medical malpractice and lack of informed consent. In her bills of particulars, the plaintiff alleged, among other things, that Malhotra had deviated from accepted standards of medical practice by perforating her cribriform plate during the sinus surgery, and that the defendants' deviations from the accepted standards of medical practice had caused her to develop meningitis.

Fashakin, Morbeth, Ng, Younus, Alpha-K (hereinafter collect-

ively the Alpha-K defendants), and Malhotra moved together, inter alia, for summary judgment dismissing so much of the complaint as sought to recover damages for medical malpractice insofar as asserted against them and as sought to recover damages for lack of informed consent insofar as asserted against Malhotra. The Supreme Court, among other things, granted the aforementioned branches of their motion. We reverse the judgment insofar as appealed from.

The Supreme Court improperly granted that branch of the motion of the Alpha-K defendants and Malhotra (hereinafter collectively the defendants) which was to dismiss so much of the complaint as sought to recover damages for medical malpractice insofar as asserted against them. "The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (*DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *see Guzzi v Gewirtz*, 82 AD3d 838 [2011]). Thus, on a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby (*see Wexelbaum v Jean*, 80 AD3d 756, 757 [2011]; *Roca v Perel*, 51 AD3d 757, 758-759 [2008]). "[T]o defeat summary judgment, the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing" (*Stukas v Streiter*, 83 AD3d 18, 24 [2011]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law on the issue of deviation or departure from accepted medical practice by submitting an affirmation from an expert otolaryngologist (*see Guzzi v Gewirtz*, 82 AD3d at 838). Although, when viewed in the light most favorable to the plaintiff (*see Stukas v Streiter*, 83 AD3d at 22), that expert affirmation and Malhotra's deposition testimony presented a triable issue of fact as to whether Malhotra perforated the plaintiff's cribriform plate during sinus surgery, the defendants' expert opined, among other things, that damage to the cribriform plate during sinus surgery did not indicate a departure from good surgical technique. In addition, the defendants' expert opined that the Alpha-K defendants had not deviated from accepted standards of medical practice in their treatment of the plaintiff.

In opposition, however, the plaintiff's expert submissions raised a triable issue of fact as to whether the defendants' treat-

ment of the plaintiff departed from accepted standards of medical practice (see *Guzzi v Gewirtz*, 82 AD3d at 838). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions . . . Such credibility issues can only be resolved by a jury" (*Feinberg v Feit*, 23 AD3d 517, 519 [2005] [citations omitted]; see *Graham v Mitchell*, 37 AD3d 408, 409 [2007]). Here, the plaintiff proffered the affirmation of an expert physician who opined, among other things, that Malhotra had departed from good and accepted surgical practice during the plaintiff's sinus surgery by failing to remain in the correct surgical field and by perforating her cribriform plate. Additionally, the plaintiff submitted a second expert affirmation opining that the Alpha-K defendants had departed from good and accepted medical practice in their treatment of the plaintiff both before and after her sinus surgery. Accordingly, the plaintiff's expert submissions raised triable issues of fact on the issue of deviation or departure from accepted medical practice (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Furthermore, as to the element of proximate cause, the defendants failed to make a prima facie showing that any departures from accepted medical practice were not the cause of the plaintiff's injuries (see *Stukas v Streiter*, 83 AD3d at 24). The affirmation of the defendants' expert offered only a conclusory opinion that the treatment provided by the defendants was not a proximate cause of the plaintiff's alleged injuries and did not address, inter alia, the plaintiff's specific claim in her bills of particulars that the defendants' departures from accepted medical practice had caused her to develop meningitis (see *Grant v Hudson Val. Hosp. Ctr.*, 55 AD3d 874, 874-875 [2008]; *Kuri v Bhattacharya*, 44 AD3d 718 [2007]). Therefore, because the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law on the element of proximate cause, the plaintiff was not obligated to raise a triable issue of fact with respect to this element in her opposition papers (see *Stukas v Streiter*, 83 AD3d at 26).

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for medical malpractice insofar as asserted against them (see *Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Moreover, the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law dismissing so much of the complaint as sought to recover damages for lack of informed consent insofar as asserted against Malhotra. Public

Health Law § 2805-d (1) defines lack of informed consent as "the failure of the person providing the professional treatment . . . to disclose to the patient such alternatives thereto and the reasonably foreseeable risks and benefits involved as a reasonable medical, dental or podiatric practitioner under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation." Here, although the defendants submitted the consent form that the plaintiff signed prior to undergoing sinus surgery, the form was generic (see *Rezvani v Somnay*, 65 AD3d 537, 538 [2009]; see also *Wilson-Toby v Bushkin*, 72 AD3d 810, 810-811 [2010]). In addition, the deposition testimony of the plaintiff and of Malhotra, both of which were submitted by the defendants, presented a triable issue of fact as to the content of the additional warnings and information the plaintiff was given prior to the surgery (see *Wilson-Toby v Bushkin*, 72 AD3d at 811). Accordingly, the Supreme Court should have denied this branch of the defendants' motion, regardless of the sufficiency of the plaintiff's opposition papers as to this issue (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Covello, J.P., Leventhal, Lott and Miller, JJ., concur.