Paar v Sky Foods Mkt., Inc. (2019 NY Slip Op 03796)





Paar v Sky Foods Mkt., Inc.


2019 NY Slip Op 03796


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-11381
 (Index No. 16129/13)

[*1]Sandor Paar, et al., respondents, 
v
Sky Foods Market, Inc., et al., appellants.


Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Meredith Drucker Nolen and Nicholas P. Hurzeler of counsel), for appellants.
Cellino & Barnes, P.C., Garden City, NY (John E. Lavelle of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered September 14, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
Sandor Paar (hereinafter the injured plaintiff) alleges that he slipped and fell on green leafy matter in the produce aisle of Sky Foods Supermarket, which was owned and operated by the defendants. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries, alleging negligent maintenance of the supermarket. After joinder of issue, the defendants moved for summary judgment dismissing the complaint on the ground that they did not create or have actual or constructive notice of the allegedly dangerous condition. The Supreme Court denied the motion. The defendants appeal.
We agree with the Supreme Court that the defendants failed to establish, prima facie, that they did not create the allegedly dangerous condition. In support of their motion for summary judgment, the defendants submitted the deposition testimony of an employee of the supermarket. At his deposition, the employee was shown photographs taken immediately after the accident. The employee stated that certain leafy green vegetable matter that was on the floor next to the injured plaintiff was watercress. The employee also testified that he had personally dropped watercress on the floor in that location on the day of the accident. Since the employee's deposition testimony was included in the defendants' moving papers, the existence of this issue precludes a determination finding that the defendants established their prima facie entitlement to judgment as a matter of law (see Johnson v Culinary Inst. of Am., 95 AD3d 1077, 1079; Wilson-Toby v Bushkin, 72 AD3d 810, 811; Brown v Outback Steakhouse, 39 AD3d 450, 451), regardless of the sufficiency of the plaintiffs' papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Wilson-Toby v Bushkin, 72 AD3d at 811).
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court