■ LOUIS A. DIMITRI et al., Respondents, v HORMOZ MONSOURI et al., Defendants, and JAMES LEVINSOHN, Appellant. [754 NYS2d 674] —In an action to recover damages for medical malpractice, etc., the defendant James Levinsohn appeals from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated October 2, 2001, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

On May 22, 1998, the plaintiff Louis A. DiMitri (hereinafter the plaintiff) underwent surgery at Mid-Island Hospital to have his gall bladder removed and a hernia repaired. The defendant Dr. James Levinsohn was the anesthesiologist for the operation. Prior to his surgery, the plaintiff was positioned on the operating table on his back with his arms extended, palms ups, at almost a 90-degree angle from his body. The plaintiff's arms were strapped into arm rests located on either side of him. The plaintiff complained to a nurse of numbness and a tingling sensation in his fingers, and after discharge from the hospital he consulted an orthopedist. He was diagnosed with ulnar nerve neuritis of his right arm and subsequently had corrective surgery on July 8, 1998.

Once the proponent of a summary judgment motion makes a prima facie showing of entitlement to judgment as a matter of law, the burden shifts to the opposing party to present evi-

dence in admissible form which demonstrates the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). In medical malpractice actions, a plaintiff opposing a defendant physician's summary judgment motion must submit material or evidentiary facts to rebut the physician's prima facie showing that he or she was not negligent in treating the plaintiff (*see Alvarez v Prospect Hosp., supra*). General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat summary judgment (*see Alvarez v Prospect Hosp., supra* at 324). The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury (*see Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358, 359).

In this case, Dr. Levinsohn demonstrated the absence of any issue of fact, and established his entitlement to judgment as a matter of law. Based on his deposition testimony, the nurse's interoperative report, and his expert's affirmation, Dr. Levinsohn established that the plaintiff was properly positioned during surgery and that this positioning did not cause injury to the plaintiff's right ulnar nerve. In opposition, the plaintiff failed to raise issues of fact as to whether Dr. Levinsohn was negligent and, if so, whether such negligence caused the plaintiff's injury. The affirmation of the plaintiff's expert merely stated in a conclusory fashion that the plaintiff's ulnar nerve was exposed to undue prolonged pressure as a result of being improperly positioned during surgery, without making specific factual references to the positioning of the plaintiff. The plaintiff's expert also failed to address the contentions of Dr. Levinsohn's expert regarding the cause of the plaintiff's injury. Accordingly, the affirmation was insufficient to raise a triable issue of fact (*see Wilson v Buffa*, 294 AD2d 357, 358, *lv denied* 98 NY2d 611; *Denenberg v North Shore Univ. Hosp.*, 292 AD2d 493, 494; *Kaplan v Hamilton Med. Assoc.*, 262 AD2d 609, 610; *Holbrook v United Hosp. Med. Ctr., supra* at 359).

The plaintiff's remaining contention is without merit. Florio, J.P., Feuerstein, Friedmann and Rivera, JJ., concur.