■ ALISA LIFSHITZ et al., Respondents-Appellants, v BETH ISRAEL MEDICAL CENTER-KINGS HIGHWAY DIVISION, Defendant, and AUGUST A. FEOLA, Appellant, and ANGELO R. RUBANO et al., Respondents. [776 NYS2d 907]—

In an action, inter alia, to recover damages for wrongful death, the defendant August A. Feola appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated July 23, 2003, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted the separate motions of the defendants Angelo R. Rubano and Martin Rosen which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, the motion of the defendant August A. Feola is granted, and the complaint is dismissed insofar as asserted against him; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants August A. Feola, Angelo R. Rubano, and Martin Rosen, payable by the plaintiffs.

In support of their separate motions for summary judgment dismissing the complaint insofar as asserted against them, the defendants August A. Feola, Angelo R. Rubano, and Martin Rosen (hereinafter the defendants) made a prima facie showing of their entitlement to judgment as a matter of law (*see O'Shaughnessy v Hines,* 248 AD2d 687, 688 [1998]). The burden then shifted to the plaintiffs to demonstrate the existence of a triable issue of fact by submitting an expert's affidavit attesting to a departure from accepted practice and containing an opinion that the defendants' acts or omissions were a competent producing cause of the death of Aaron Lifshitz (*see Domaradzki v Glen Cove Ob/Gyn Assoc.,* 242 AD2d 282 [1997]). The conclusory affidavit of the plaintiffs' medical expert failed to demonstrate that the alleged departure of the defendants was the proximate cause of the death. This was insufficient to defeat summary judgment (*see Kaplan v Hamilton Med. Assoc.,* 262 AD2d 609 [1999]). Smith, J.P., S. Miller, Crane and Rivera, JJ., concur.