██ SHERYL MOTICIK, Individually and as Administratrix of the Estate of JOSEPH MOTICIK, Deceased, Respondent, v SISTERS HEALTHCARE, Doing Business as SISTERS OF CHARITY HOSPITAL, et al., Appellants. [796 NYS2d 834]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered April 22, 2004. The order denied defendants' motion seeking summary judgment dismissing the complaint in a medical malpractice action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Supreme Court erred in denying defendants' motion seeking summary judgment dismissing the complaint in this medical malpractice action. Plaintiff's decedent was examined by defendant John Bielinski, Jr., P.A. for complaints of chest congestion, difficulty breathing and coughing, and was diagnosed with bronchitis one week before he died of arteriosclerotic coronary artery disease. In support of their motion, defendants submitted, inter alia, the affidavit of an expert who reviewed the medical records of plaintiff's decedent and the deposition testimony of plaintiff and defendants Bielinski and Mark Podlas, M.D., and opined with a reasonable degree of medical certainty that there was "nothing in the chart which would suggest that [plaintiff's decedent] had a cardiac-related problem when he presented to the emergency room." The record establishes that, during the examination at defendant Sisters Healthcare, doing business as Sisters of Charity Hospital, plaintiff's decedent denied that he had a history of cardiac risk factors, including diabetes, high blood pressure, high cholesterol, chest pain or tightness, palpitations, or smoking. Defendants' expert stated that cardiac diagnostic tests were not indicated inasmuch as a respiratory diagnosis was made and a cardiac event was ruled out based upon the history provided by plaintiff's decedent. Defendants therefore established that they

exercised due care in treating plaintiff's decedent (*see Nestorowich v Ricotta*, 97 NY2d 393, 398 [2002]). Defendants also presented plaintiff's deposition testimony that plaintiff's decedent smoked 1 to 1¹/₂ packs of cigarettes per day and had done so for 20 to 25 years, and that he had a cold for three or four days before going to the emergency room. We therefore conclude that defendants established their entitlement to judgment as a matter of law, and the burden thus shifted to plaintiff to raise an issue of fact sufficient to defeat the motion (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]; *Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358, 358-359 [1998]).

In opposition to defendants' motion, plaintiff submitted the redacted affidavit of an expert witness. We conclude that the affidavit, in which the expert alleges that defendants failed to meet the standard of care because a proper history was not taken from plaintiff's decedent, his heart condition was not diagnosed, and no diagnostic tests were ordered, is "conclusory in nature and lacks any details and thus is insufficient to raise the existence of a triable factual issue concerning medical malpractice" (*Laribee v City of Rome* [appeal No. 1], 254 AD2d 805, 805 [1998]; *see Lifshitz v Beth Israel Med. Ctr.-Kings Highway Div.*, 7 AD3d 759, 760 [2004]; *Dellacona v Dorf*, 5 AD3d 625 [2004]; *O'Shaughnessy v Hines*, 248 AD2d 687, 688 [1998]). We therefore reverse the order, grant the motion and dismiss the complaint. Present—Green, J.P., Hurlbutt, Scudder, Pine and Lawton, JJ.