ROBERT LATONA, Respondent, v MICHAEL ROBERSON, M.S., P.T., et al., Appellants, et al., Defendant. [897 NYS2d 378]—Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered February 11, 2009 in a medical malpractice action. The order denied the motion of defendants Michael Roberson, M.S., P.T. and Catholic Health System, doing business as Kenmore Mercy Hospital, for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained as a result of treatment he received from defendant Michael Roberson, M.S., P.T., a licensed physical therapist, and as a result of various actions and omissions of defendant Catholic Health System, doing business as Kenmore Mercy Hospital (CHS). Contrary to the contention of Roberson and CHS (collectively, defendants), we conclude that Supreme Court properly denied their motion for summary judgment dismissing the complaint against them. Although we agree with defendants that they met their initial burden with respect to Roberson (*see Bickom v Bierwagen*, 48 AD3d 1247 [2008]; *Selmensberger v Kaleida Health*, 45 AD3d 1435, 1436 [2007]; *Moticik v Sisters Healthcare*, 19 AD3d 1052, 1052-1053 [2005]), we conclude that plaintiff raised triable issues of fact with respect to him by submitting an expert affidavit "attesting to a departure from accepted practice and containing the attesting [expert's] opinion that [Roberson's] omissions or departures were a competent producing cause of the injury" (*O'Shea v Buffalo Med. Group, P.C.*, 64 AD3d 1140, 1141 [2009], *appeal dismissed* 13 NY3d 834 [2009] [internal quotation marks omitted]; *see Selmensberger*, 45 AD3d at 1436). We further conclude that defendants failed to meet their initial burden with respect to CHS, inasmuch as they failed to establish that it was not negligent. Indeed, defendants' expert merely stated that she found "no evidence in the record to support plaintiff's claim that [CHS] was negligent," and defendants cannot establish their entitlement to summary judgment with respect to CHS "by noting alleged gaps in plaintiff['s] proof" (*Seivert v Kingpin Enters., Inc.*, 55 AD3d 1406, 1407 [2008]; *see generally Orcutt v American Linen Supply Co.*, 212 AD2d 979 [1995]). Present—Centra, J.P., Fahey, Carni, Green and Pine, JJ.