■ ANDREW CALLAHAN, as Administrator of the Estate of SUSAN CALLAHAN, Deceased, Appellant, v FRANKLIN GUNERATNE, M.D., et al. Respondents, et al. Defendant. [910 NYS2d 551]—

In an action to recover damages for medical malpractice, etc., the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), entered September 3, 2009, as granted the separate motions of the defendant Franklin Guneratne and the defendant Arif M. Muslim for summary judgment dismissing the complaint insofar as asserted against each of them, (2) from a judgment of the same court entered October 7, 2009, which, upon so much of the order as granted the motion of the defendant Arif M. Muslim for summary judgment dismissing the complaint insofar as asserted against him, is in favor of that defendant and against him, and (3) from a judgment of the same court entered November 17, 2009, which, upon so much of the order as granted the motion of the defendant Franklin Guneratne for summary judgment dismissing the complaint insofar as asserted against him, is in favor of that defendant and against him.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgments are reversed, on the law, the motions of the defendants Franklin Guneratne and Arif M. Muslim for summary judgment dismissing the complaint insofar as asserted against each of them are denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of the judgments in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the judgments (*see* CPLR 5501 [a] [1]).

"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). " 'Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers' " (*Perre v Vassar Bros. Hosp.*, 52 AD3d 670 [2008], quoting *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The expert affirmations submitted respectively by the defendants Franklin Guneratne and Arif M. Muslim (hereinafter together the doctors) in support of their motions for summary judgment were conclusory or failed to refute by specific factual reference the allegations of their medical malpractice (*see Perre v Vassar Bros. Hosp.*, 52 AD3d at 670). To the extent that either of the affirmations attempted to refute the plaintiff's allegations by specific factual reference, they were contradicted by the doctors' deposition testimony and hospital records. Therefore, neither Dr. Guneratne nor Dr. Muslim tendered evidence sufficient to demonstrate the absence of triable issues of fact such as to establish, prima facie, their entitlements to judgment as a matter of law dismissing the complaint insofar as asserted against either of them (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853; *Perre v Vassar Bros. Hosp.*, 52 AD3d at 670).

The parties' remaining contentions either have been rendered academic or are without merit.

Accordingly, the Supreme Court erred in granting the motions for summary judgment. Rivera, J.P., Angiolillo, Chambers and Austin, JJ., concur.