■ MARTIN WEXELBAUM et al., Respondents, v JEAN CLAUDE JEAN et al., Appellants, and MADHU SAXENA et al., Respondents. [915 NYS2d 161]——

In an action to recover damages for medical malpractice, etc., the defendants Jean Claude Jean and Jean Claude Jean, Physicians, P.C., appeal from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated May 27, 2009, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Presiding Justice Prudenti has been substituted for the late Justice Fisher. Justice Skelos has been substituted for former Justice Santucci. Justice Covello has been substituted for former Justice Howard Miller (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiffs-respondents.

The plaintiffs commenced this action against, among others, the appellants, Dr. Jean Claude Jean and his professional corporation, Jean Claude Jean, Physicians, P.C., alleging medical malpractice and related claims. The plaintiffs allege that Jean was negligent in, among other things, failing to properly diagnose and treat a stroke which the plaintiff Martin Wexelbaum allegedly suffered while he was a patient under Jean's care at the defendant Mary Immaculate Hospital.

"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (*DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *see Roca v Perel*, 51 AD3d 757, 758 [2008]; *Flaherty v Fromberg*, 46 AD3d 743, 746 [2007]). Thus, on a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Roca v Perel*, 51 AD3d at 758).

The appellants met their initial burden of demonstrating their entitlement to judgment as a matter of law by submitting an expert's affirmation establishing that Jean did not deviate from accepted standards of medical practice. The expert reached this conclusion since the only approved treatment for this type of stroke, which had to be administered within three hours of the onset of symptoms, was contraindicated in this case because the onset of the stroke occurred before the patient was under Jean's care and the time the stroke occurred could not be determined. Moreover, the patient had symptoms that otherwise would have excluded him as a candidate for the treatment.

The burden then shifted to the plaintiffs to produce evidentiary proof in admissible form sufficient to rebut the appellants' prima facie showing, so as to demonstrate the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Deutsch v Chaglassian*, 71 AD3d 718, 719 [2010]). The Supreme Court properly determined that the plaintiffs met this burden with the affidavit of their expert which refuted the assertions of the appellants' expert, opining that the stroke occurred while the patient was under Jean's care, that the symptoms would have been evident if the patient had been receiving proper care, and that the subject treatment would not have been contraindicated for this patient.

"Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions. Such credibility issues can only be resolved by a jury" (*Feinberg v Feit*, 23 AD3d 517, 519 [2005] [citations omitted]; *see Darwick v Paternoster*, 56 AD3d 714, 715 [2008]; *Bjorke v Rubenstein*, 53 AD3d 519, 520 [2008]; *Roca v Perel*, 51 AD3d at 759). Accordingly, the appellants' motion for summary judgment was properly denied. We note that the appellants' arguments concerning vicarious liability are raised for the first time on appeal and, thus, are not properly before us. Prudenti, P.J., Skelos, Covello and Lott, JJ., concur.