■ RUDOLPH DUVIDOVICH, Individually and as Administrator of the Estate of POLINA DUVIDOVICH, Deceased, Appellant, v LIZIAMMA GEORGE, M.D., Defendant, and HELEN SOGOLOFF, M.D., et al., Respondents. [995 NYS2d 616]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated December 5, 2011, as granted that branch of the motion of the defendant Helen Sogoloff which was for summary judgment dismissing the complaint insofar as asserted against her, and that branch of the separate motion of the defendants Liziamma George and New York Methodist Hospital which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York Methodist Hospital.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In order to establish a prima facie case of liability in a medical malpractice action, the plaintiff must show "(1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (*DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *see Wexelbaum v Jean*, 80 AD3d 756, 757 [2011]; *Roca v Perel*, 51 AD3d 757, 758 [2008]; *Thompson v Orner*, 36 AD3d 791, 791-792 [2007]). Thus, on a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby (*see Wexelbaum v Jean*, 80 AD3d at 757; *Roca v Perel*, 51 AD3d at 758). Where such a showing is made, the burden shifts to the plaintiff to produce evidentiary proof in admissible form demonstrating the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat summary judgment"

(*DiMitri v Monsouri*, 302 AD2d at 421; *see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *DeLaurentis v Orange Regional Med. Ctr.-Horton Campus*, 117 AD3d 774, 775 [2014]; *Khosrova v Westermann*, 109 AD3d 965, 967 [2013]; *Lifshitz v Beth Israel Med. Ctr.-Kings Highway Div.*, 7 AD3d 759, 760 [2004]).

Here, in support of those branches of their respective motions which were for summary judgment dismissing the complaint insofar as asserted against each of them, the defendants Helen Sogoloff and New York Methodist Hospital (hereinafter the hospital) submitted expert affirmations that established, prima facie, that they did not depart from good and accepted standards of medical practice in their treatment of the plaintiff's decedent, and, in any event, that any alleged departure was not a proximate cause of the decedent's injuries or her eventual death. In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the medical expert's affidavit submitted in opposition to both motions was conclusory, speculative, and without basis in the record, and, therefore, was insufficient to raise a triable issue of fact (*see Lynn G. v Hugo*, 96 NY2d 306, 310 [2001]; *DeLaurentis v Orange Regional Med. Ctr.-Horton Campus*, 117 AD3d at 775; *Khosrova v Westermann*, 109 AD3d at 967; *Lifshitz v Beth Israel Med. Ctr.-Kings Highway Div.*, 7 AD3d at 760; *DiMitri v Monsouri*, 302 AD2d at 421).

Accordingly, the Supreme Court properly granted those branches of the separate motions which were for summary judgment dismissing the complaint insofar as asserted against Sogoloff and the hospital. Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.