■ DANIEL SMITH, an Infant, by His Mother and Natural Guardian, CHERRICKA SMITH, et al., Respondents, v GUILAINE AGNANT, M.D., et al., Defendants, and LAWRENCE HOSPITAL, Appellant. (Appeal No. 1.) DANIEL SMITH et al., Respondents, v GUILAINE AGNANT, M.D., et al., Defendants, and SURESH KHANNA, M.D., Appellant. (Appeal No. 2.) [15 NYS3d 387]—

In an action, inter alia, to recover damages for medical malpractice, etc., (1) the defendant Lawrence Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), dated March 27, 2013, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) the defendant Suresh Khanna appeals, as limited by his brief, from so much of an order of the same court dated October 3, 2013, as granted that branch of the plaintiffs' cross motion which was for leave to renew their opposition to his motion for summary judgment dismissing the complaint insofar as asserted against him, which had been granted in the order dated March 27, 2013, and, upon renewal, in effect, vacated the original determination in the prior order granting his motion for summary judgment dismissing the complaint insofar as asserted against him and, thereupon, denied that motion. The appeal by the defendant Lawrence Hospital from the order dated March 27, 2013, brings up for review so much of the order dated October 3, 2013, as, upon reargument, adhered to so much of

the original determination in the order dated March 27, 2013, as denied those branches of its motion which were for summary judgment dismissing the first cause of action, which alleges medical malpractice, and the third cause of action, which alleges derivative injuries, insofar as asserted against it (*see* CPLR 5517 [b]).

Ordered that the appeal from the order dated March 27, 2013, is dismissed; and it is further,

Ordered that the order dated October 3, 2013, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to so much of the original determination in the order dated March 27, 2013, as denied that branch of the motion of the defendant Lawrence Hospital which was for summary judgment dismissing so much of the first cause of action as seeks recovery against it based upon a theory of vicarious liability, and substituting therefor a provision, upon reargument, vacating that portion of the original determination and, thereupon, granting that branch of the motion; as so modified, the order dated October 3, 2013, is affirmed insofar as appealed from and reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendant Suresh Khanna.

The appeal by the defendant Lawrence Hospital from so much of the order dated March 27, 2013, as denied those branches of its motion which were for summary judgment dismissing the second and fourth causes of action insofar as asserted against it must be dismissed as academic in light of the determination in the order dated October 3, 2013, which, upon reargument, in effect, vacated those provisions of the order dated March 27, 2013, and, thereupon, granted those branches of the motion.

Daniel Smith (hereinafter the infant plaintiff) was born on November 2, 2004, and was later diagnosed with, among other things, global developmental delays, cerebral palsy, and seizure disorder. The infant plaintiff by his mother, Cherricka Smith (hereinafter the mother), and the mother suing derivatively, commenced this action against the physician Guilaine Agnant, who delivered the infant plaintiff, the physician Hamid Mootabar, a maternal-fetal medicine specialist who provided ultrasound services prior to the delivery, the physician Suresh Khanna, a neonatologist who treated the infant plaintiff after the delivery, and Lawrence Hospital (hereinafter the hospital), where the infant plaintiff was delivered and where Khanna treated him before discharging him on December 10, 2004. The first cause of action alleged medical malpractice.

The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated March 27, 2013, the Supreme Court granted Khanna's motion on the ground that the affirmation of the plaintiffs' expert was not sufficient to raise a triable issue of fact in opposition to Khanna's prima facie showing of entitlement to judgment as a matter of law. In the same order, the court denied the hospital's motion.

The hospital moved for leave to reargue its motion and the plaintiffs cross-moved, among other things, for leave to renew their opposition to Khanna's summary judgment motion. In an order dated October 3, 2013, the Supreme Court, upon reargument, granted those branches of the hospital's motion which were for summary judgment dismissing the second and fourth causes of action insofar as asserted against it, and otherwise adhered to the original determination with respect to the hospital's motion. In addition, the court granted that branch of the plaintiffs' cross motion which was for leave to renew, and, upon renewal, denied Khanna's motion for summary judgment dismissing the complaint insofar as asserted against him.

The hospital and Khanna separately appeal. We modify the order dated October 3, 2013, so as to grant that branch of the hospital's motion which was for summary judgment dismissing so much of the first cause of action as seeks recovery against it based upon a theory of vicarious liability.

" 'In general, a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not an employee, and may not be held concurrently liable unless its employees committed independent acts of negligence' " (*Barrocales v New York Methodist Hosp.*, 122 AD3d 648, 650 [2014], quoting *Toth v Bloshinsky*, 39 AD3d 848, 850 [2007]). Here, the hospital demonstrated its prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged that it was vicariously liable for the alleged medical malpractice of the defendant physicians, and the plaintiff failed to raise a triable issue of fact in opposition (*see Muslim v Horizon Med. Group, P.C.*, 118 AD3d 681, 683 [2014]). Accordingly, upon reargument, the Supreme Court should have vacated so much of the original determination as denied that branch of the hospital's motion which was for summary judgment dismissing so much of the first cause of action as seeks recovery against it based upon a theory of vicarious liability and, thereupon, granted that branch of the hospital's motion.

However, contrary to the hospital's contention, the pleadings adequately set forth allegations of direct liability against the

hospital based upon the acts and omissions of its own personnel, and that branch of the hospital's motion which was for summary judgment dismissing so much of the first cause of action as was based upon such allegations was properly denied. Contrary to the hospital's contention, the plaintiffs' allegations of direct liability were not improperly asserted as an alternative theory for the first time in opposition to the hospital's summary judgment motion (cf. Dolan v Halpern, 73 AD3d 1117, 1119 [2010]; Golubov v Wolfson, 22 AD3d 635, 636 [2005]). Moreover, the plaintiffs raised triable issues of fact in opposition to the hospital's prima facie showing with regard to the issue of its direct liability. For the same reason, the Supreme Court properly denied that branch of the hospital's motion which was for summary judgment dismissing the third cause of action, which alleges derivative injuries, insofar as asserted against it.

With respect to Khanna's appeal, as Khanna acknowledges, the question of whether to grant that branch of the plaintiffs' cross motion which was for leave to renew was addressed to the sound discretion of the Supreme Court (see Biscone v JetBlue Airways Corp., 103 AD3d 158, 180 [2012]; HSBC Bank USA, N.A. v Halls, 98 AD3d 718, 720 [2012]), and, under the circumstances of this case, the court providently exercised its discretion in granting leave to renew (see generally Central Mtge. Co. v McClelland, 119 AD3d 885, 886 [2014]).

"[O]n a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Duvidovich v George, 122 AD3d 666, 666 [2014]; see Wexelbaum v Jean, 80 AD3d 756, 757 [2011]). Once such a showing is made, the burden shifts to the plaintiff to produce evidentiary proof in admissible form demonstrating the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). "General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat summary judgment" (DiMitri v Monsouri, 302 AD2d 420, 421 [2003]).

Here, Khanna established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by submitting expert evidence indicating that he did not depart from good and accepted standards of medical care in his treatment of the infant plaintiff and, therefore, his actions did not cause the infant plaintiff's al-

leged injuries. However, the plaintiffs' expert evidence submitted in opposition was sufficient to raise triable issues of fact as to whether Khanna committed such a departure which proximately caused the infant plaintiff's injuries (*see e.g. Farrell v Herzog*, 123 AD3d 655, 657 [2014]; *Kunic v Jivotovski*, 121 AD3d 1054, 1055 [2014]). Accordingly, upon renewal, the Supreme Court properly denied Khanna's motion for summary judgment dismissing the complaint insofar as asserted against him. Mastro, J.P., Rivera, Dickerson and Maltese, JJ., concur.