■ MILTON MACIAS et al., as Administrators of the Estate of JACQUELINE ANDRADE, Deceased, Appellants, v GEORGE FERZLI, M.D., et al., Respondents, et al., Defendants. [15 NYS3d 466]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated October 3, 2012, as granted the motion of the defendants Kannan Muralikrishnan, sued herein as "John" Murali, and Lutheran Medical Center, and the separate motion of the defendants George Ferzli, George Ferzli, M.D., P.C., and Armando Castro, for summary judgment dismissing the complaint insofar as asserted against each of them, and granted that branch of the motion of the defendants Peter Gerard Bauer, "Mary" Nalbandian, "Jun" Li, and Allen Coopersmith which was for summary judgment dismissing the complaint insofar as asserted against the defendant Peter Gerard Bauer, and (2) so much of an order of the same court dated May 8, 2013, as denied the plaintiffs' motion pursuant to CPLR 2221 for leave to reargue their opposition to the respondents' separate motions.

Ordered that the appeal from the order dated May 8, 2013, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated October 3, 2012, is modified, on the law, by deleting the provision thereof granting the motion of the defendants Kannan Muralikrishnan, sued herein as "John" Murali, and Lutheran Medical Center for summary judgment dismissing the complaint insofar as asserted against each of them, and substituting therefor a provision denying that motion; as so modified, the order dated October 3, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendants Kannan Muralikrishnan, sued herein as "John" Murali, and Lutheran Medical Center, and one bill of costs is awarded to the remaining respondents appearing separately and filing separate briefs, payable by the plaintiffs.

The decedent Jacqueline Andrade, who had suffered from morbid obesity, underwent laparoscopic band (hereinafter lap band) surgery in 2002, which was performed by the defendant George Ferzli (hereinafter Ferzli). Andrade had no issue with the lap band until after she became pregnant in 2004. In June 2004, after visiting Ferzli's office with complaints of nausea, vomiting, constipation, and pain in the area of the lap band, Andrade, then 19 weeks pregnant, was admitted to the defendant Lutheran Medical Center (hereinafter LMC). Andrade's symptoms never subsided and a gastrointestinal work-up did not reveal a cause for them. The defendant Armando Castro recommended the insertion of a feeding tube to provide nutritional support to Andrade during her pregnancy as the preferred course of action, although doing nothing or removing the lap band also were presented as options. The medical records submitted by the defendant Kannan Murali Krishnan, sued herein as "John" Murali (hereinafter Murali), and LMC indicate that Andrade rejected the feeding tube option and decided to have the lap band surgically removed. Castro subsequently performed the surgery.

According to Castro's medical records from the surgery, in the recovery room, Andrade was treated with supplemental oxygen for decreased oxygen saturation levels. After her levels had stabilized, she was transferred to the obstetrics unit of LMC without supplemental oxygen. There are no medical records to reflect Andrade's condition from the time she left the recovery room until approximately three hours after she was transferred to the obstetrics unit. A nursing progress note in

the medical records, marked as a "late entry," indicated that Andrade had complained of difficulty breathing. Thereafter, Andrade's oxygen saturation levels were monitored and, as a result of the low level of oxygen saturation, an anesthesiologist was summoned and the defendant Peter Gerard Bauer responded. Murali, an LMC obstetrical and gynecological resident, had been in the room with Andrade after she complained of difficulty breathing. Bauer, an anesthesiologist, provided Andrade with supplemental oxygen and an Albuterol treatment. Thereafter, Andrade was intubated, and then transferred to the surgical intensive care unit where she was placed on a ventilator. She never recovered and, on June 28, 2004, almost 20 days after being admitted to LMC, Andrade died and her fetus did not survive. Andrade's diagnoses included adult respiratory distress syndrome, pneumothorax, sepsis, and multi-organ failure. The autopsy report listed her cause of death as complications following the removal of the lap band.

The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice and wrongful death. The defendants Murali and LMC, the defendants Ferzli, Ferzli, M.D., P.C., and Castro, and the defendants Bauer, "Mary" Nalbandian, "Jun" Li, and Allen Coopersmith moved for summary judgment dismissing the complaint insofar as asserted against each of them. In the order appealed from dated October 3, 2012, the Supreme Court, inter alia, granted the motions of Murali and LMC, and Ferzli, Ferzli M.D., P.C., and Castro, and granted that branch of the motion of Bauer, "Mary" Nalbandian, "Jun" Li, and Allen Coopersmith which was for summary judgment dismissing the complaint insofar as asserted against Bauer. The plaintiff appeals from those portions of the order. We modify.

"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (*DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *see Duvidovich v George*, 122 AD3d 666, 666 [2014]; *Wexelbaum v Jean*, 80 AD3d 756, 757 [2011]; *Roca v Perel*, 51 AD3d 757, 758 [2008]). On a motion for summary judgment in a medical malpractice action, the defendant has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured from such a departure (*see Duvidovich v George*, 122 AD3d at 666; *Wexelbaum v Jean*, 80 AD3d at 757; *Roca v Perel*, 51 AD3d at 758-759). Where such a showing is made, the burden then shifts to the plaintiff to produce evidentiary proof in admissible form

demonstrating the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Here, the Supreme Court should have denied the motion of Murali and LMC for summary judgment dismissing the complaint insofar as asserted against them. "[A] hospital [is] responsible to a patient who sought medical care at the hospital" (*Hill v St. Clare's Hosp.*, 67 NY2d 72, 80-81 [1986]) and must follow accepted and approved standards and practices in the care and treatment of its patients (*O'Connell v Albany Med. Ctr. Hosp.*, 101 AD2d 637, 638 [1984]). Viewing the facts in the light most favorable to the plaintiffs, as the nonmoving parties (*see Conklin v Travers*, 129 AD3d 765, 766 [2015]; *International Exterior Fabricators, LLC v Decoplast, Inc.*, 128 AD3d 1016, 1018 [2015]; *Paris v Ferri*, 122 AD3d 814, 815 [2014]; *Faicco v Golub*, 91 AD3d 817, 818 [2012]), Murali and LMC failed to establish their prima facie entitlement to judgment as a matter of law. The affirmation of their medical expert was conclusory, ignored important facts, and was based on certain factual errors. Specifically, the expert failed to address the almost three-hour gap in the LMC medical records for the period of time after Andrade was transferred from the recovery room to the obstetrics unit. The expert also failed to address the fact that Murali was in Andrade's room in the obstetrics unit in the immediate aftermath of her complaint of respiratory distress and shortness of breath. The expert also based his opinion on erroneous facts, noting, for example, that Andrade developed respiratory distress at 6:00 p.m., while the medical record indicates that Andrade complained of respiratory distress at 3:20 p.m. Thus, the expert affirmation failed to eliminate all triable issues of fact as to whether the failure to monitor Andrade during this period constituted a departure from good and accepted medical practice and whether Andrade's respiratory distress and death were due to the lack of proper monitoring and timely treatment (*see Faicco v Golub*, 91 AD3d at 818; *Wall v Flushing Hosp. Med. Ctr.*, 78 AD3d 1043, 1045 [2010]; *Callahan v Guneratne*, 78 AD3d 753, 754 [2010]; *Kuri v Bhattacharya*, 44 AD3d 718, 718 [2007]). "[B]are conclusory assertions," such as those contained in the affidavit proffered by the medical expert of Murali and LMC, are insufficient to demonstrate the absence of any triable issues of fact (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Inasmuch as Murali and LMC failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to review the sufficiency of the plaintiffs' opposition papers insofar as they address the contentions of Murali and LMC (*see*

*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Accordingly, the Supreme Court should have denied the motion of Murali and LMC for summary judgment dismissing the complaint insofar as asserted against them.

However, the Supreme Court properly granted the motion of the defendants Ferzli, Ferzli, M.D., P.C., and Castro for summary judgment dismissing the complaint insofar as asserted against each of them, and properly granted that branch of the motion of Bauer, "Mary" Nalbandian, "Jun" Li, and Allen Coopersmith which was for summary judgment dismissing the complaint insofar as asserted against Bauer. These defendants each established, prima facie, that they did not depart from good and accepted standards of medical practice in their treatment of Andrade and that their actions were not a proximate cause of her respiratory distress or eventual death (*see DiMitri v Monsouri*, 302 AD2d at 420-421; *Duvidovich v George*, 122 AD3d at 666; *Wexelbaum v Jean*, 80 AD3d at 757; *Roca v Perel*, 51 AD3d at 758-759).

In opposition, the plaintiffs failed to raise a triable issue of fact. "General allegations of medical malpractice, merely conclusory and unsupported by competent evidence . . . are insufficient to defeat [a] defendant physician's summary judgment motion" (*Alvarez v Prospect Hosp.*, 68 NY2d at 325; *see Duvidovich v George*, 122 AD3d at 666; *Khosrova v Westermann*, 109 AD3d 965, 967 [2013]; *Lifshitz v Beth Israel Med. Ctr.-Kings Highway Div.*, 7 AD3d 759, 760 [2004]). Contrary to the plaintiffs' contention, the Supreme Court properly concluded that the expert affirmation submitted in opposition to the motions of these defendants was conclusory, speculative, and without any basis in the record and, therefore, was insufficient to raise a triable issue of fact.

The plaintiffs' remaining contentions are either without merit or improperly raised for the first time on appeal. Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.