Stacie-Ann Wixted et al., Appellants, v Robert C. Schoenwald, M.D., et al., Respondents, et al., Defendants. [28 NYS3d 425]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Garguilo, J.), entered July 1, 2013, as granted the motion of the defendant Robert C. Schoenwald and the separate motion of the defendants Irene A. Schulman and Long Island Medical Diagnostic Imaging, P.C., for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion of the defendant Robert C. Schoenwald and the separate motion of the defendants Irene A. Schulman and Long Island Medical Diagnostic Imaging, P.C., for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

On June 17, 1997, the defendant physician Robert C. Schoenwald installed a catheter in the subclavian vein of the plaintiff Stacie-Ann Wixted (hereinafter the injured plaintiff), in the area below the clavicle, so that she could undergo chemotherapy treatment for Hodgkin's lymphoma. After the treatment was completed, Schoenwald removed the catheter on May 22, 1998. The injured plaintiff continued to be monitored through periodic radiographic examinations.

On December 30, 1998, a chest X ray was taken and sent to the defendant Long Island Medical Diagnostic Imaging, P.C. (hereinafter LIMDI), for an official reading. The defendant Irene A. Schulman, a radiologist employed by LIMDI, read the radiograph and, in a report dated January 4, 1999, concluded that the radiograph was "normal." Another chest X ray was taken on October 15, 1999, and again was sent to LIMDI and read by Schulman. In the resulting report, Schulman reported the existence of a "linear radiopaque tube projected over the

left upper lobe/left side of the mediastinum" and recommended clinical correlation. Despite this finding and recommendation, the injured plaintiff's referring physician did not find the results significant and did not inform her of them.

A subsequent chest X ray was taken on March 14, 2000, and the reporting radiologist observed a radiopaque tube extending from the injured plaintiff's main pulmonary artery into the region of the left upper lobe. He noted that it "most likely represents an intravascular catheter fragment possibly from a prior central line." The injured plaintiff was informed of the findings and referred for a pulmonary consultation. On April 18, 2000, the injured plaintiff underwent surgery in an attempt to remove the catheter fragment, but the surgeon was unable to remove the piece. At the time of the subject motions, the catheter fragment remained in the injured plaintiff's pulmonary artery.

The injured plaintiff, and her husband suing derivatively (hereinafter together the plaintiffs), commenced this action against, among others, Schoenwald, Schulman, and LIMDI, inter alia, to recover damages for medical malpractice. The plaintiffs alleged that Schoenwald was negligent in failing to remove the entire catheter during the surgery on May 22, 1998, and in failing to order subsequent testing that would have detected the presence of the catheter fragment. The plaintiffs alleged that Schulman and LIMDI negligently failed to detect the presence of the catheter fragment in the December 30, 1998, radiograph, which led to a delay in identifying the problem and caused injuries to the injured plaintiff.

Schoenwald moved for summary judgment dismissing the complaint insofar as asserted against him based, inter alia, on the affirmation of a licensed physician, board-certified in diagnostic radiology. He concluded, to a reasonable degree of medical certainty, that a seven-centimeter fragment of the catheter had broken off and "embolized" prior to April 28, 1998, when it was visible on radiology studies, and remained in a fixed and stable position in the pulmonary artery.

In opposition, the plaintiffs' surgical expert affirmed that Schoenwald deviated from accepted standards of care by, inter alia, failing to measure the length of the catheter when he removed it and failing to order and evaluate a radiographic study after the surgery on May 22, 1998, "which would have indicated the severed/separated retained foreign body which he left in the [injured] plaintiff." The plaintiffs' surgical expert noted that after reviewing all X rays, X ray reports and medical reports, it was clear to the expert that "the position of the

foreign body catheter has changed as it is reported in different places. This indicates it is not fixed, [and] therefore, not stable which indicates mobility and change in the catheter position." The plaintiffs also submitted the affirmation of a radiology expert, who stated that the delay in diagnosing the retained foreign body precluded the injured plaintiff from seeking medical attention and "allowed the foreign body to position itself at various times" in the right atrium, the tricuspid valve, and the right ventricle of the plaintiff's heart, the pulmonic valve, the main pulmonary artery, and the left pulmonary artery, "causing cardiac, vascular and pulmonary injuries to the [injured] plaintiff." According to evidence submitted by Schoenwald in reply, the catheter fragment was ultimately incorporated into the wall of the injured plaintiff's pulmonary artery in a fixed position.

Schulman and LIMDI separately moved for summary judgment dismissing the complaint insofar as asserted against them, contending that any delay in diagnosis was not a proximate cause of any injury. In an order entered July 1, 2013, the Supreme Court, inter alia, granted the motions.

The essential elements of a medical malpractice cause of action are "(1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (*DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *see Duvidovich v George*, 122 AD3d 666 [2014]; *Wexelbaum v Jean*, 80 AD3d 756, 757 [2011]). Thus, on a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby (*see Duvidovich v George*, 122 AD3d 666 [2014]; *Wexelbaum v Jean*, 80 AD3d at 757; *Roca v Perel*, 51 AD3d 757, 758 [2008]). Where such a showing is made, the burden shifts to the plaintiff to produce evidentiary proof in admissible form sufficient to rebut the prima facie showing and establish the existence of material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Stukas v Streiter*, 83 AD3d 18, 23-24 [2011]).

Here, Schoenwald established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by submitting proof that the catheter fragment had fractured and traveled to the injured plaintiff's left upper lobe pulmonary artery by April 28, 1998, and thus nothing he did or failed to do during the May 22, 1998, procedure could have caused this occurrence. However, in op-

position, the plaintiffs raised a triable issue of fact as to whether Schoenwald's failure to measure the catheter or realize that he had left a portion of it in the injured plaintiff's body constituted a deviation from accepted medical practice, and whether the delay in diagnosis caused injuries as it moved about through her heart and pulmonary arteries.

With respect to Schulman and LIMDI, the evidence indicated that their conduct may have contributed to further delays in the diagnosis of the injured plaintiff's condition. Therefore, these defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them.

Accordingly, the Supreme Court should have denied Schoenwald's motion and the separate motion of Schulman and LIMDI for summary judgment dismissing the complaint insofar as asserted against each of them. Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.