Bueno v Allam (2019 NY Slip Op 02055)





Bueno v Allam


2019 NY Slip Op 02055


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-06034
 (Index No. 17009/09)

[*1]Reynaldo Bueno, etc., respondent, 
v
Medhat E. Allam, etc., et al., defendants, Steve K. Georgopoulos, etc., et al., appellants.


Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Michelle C. Acosta of counsel), for appellants.
Duffy & Duffy, PLLC, Uniondale, NY (Mary Ellen Duffy and Pollack, Pollack, Isaac & DeCicco, LLP [Brian J. Isaac], of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the defendants Steve K. Georgopoulos and Gastroenterology of Eastern Long Island, LLC, appeal from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated March 29, 2016. The order granted the plaintiff's motion for leave to reargue his opposition to that branch of the motion of the defendants Steve K. Georgopoulos and Gastroenterology of Eastern Long Island, LLC, made jointly with the defendant Rosemarie Olivieri-Fitt, which was for summary judgment dismissing the complaint insofar as asserted against them, which had been granted in an order of the same court dated October 27, 2014, and, upon reargument, in effect, vacated that portion of the order dated October 27, 2014, and thereupon denied that branch of the prior motion.
ORDERED that the order dated March 29, 2016, is modified, on the law, by deleting the provision thereof, upon reargument, in effect, vacating the determination in the order dated October 27, 2014, granting that branch of the motion of the defendants Steve K. Georgopoulos and Gastroenterology of Eastern Long Island, LLC, which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against them, and thereupon denying that branch of the motion, and substituting therefor a provision, upon reargument, adhering to the determination in the order dated October 27, 2014, granting that branch of the motion; as so modified, the order dated March 29, 2016, is affirmed, with costs to the plaintiff.
Lisa Perez (hereinafter the decedent), who had recently undergone gastric bypass surgery, sought medical treatment on multiple occasions between April and May 2007 from the defendants Steve K. Georgopoulos and Gastroenterology of Eastern Long Island, LLC (hereinafter together the LLC defendants). On June 8, 2007, the decedent died due to a gastrointestinal hemorrage.
The plaintiff, as administrator of the decedent's estate, commenced this action against, among others, the LLC defendants, inter alia, to recover damages for medical malpractice, lack of informed consent, and wrongful death. The plaintiff alleged that the LLC defendants failed to timely and properly diagnose and treat an anastomotic leak, which resulted in the decedent's [*2]death.
Following the completion of discovery, the LLC defendants and the defendant Rosemarie Olivieri-Fitt moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated October 27, 2014, the Supreme Court, inter alia, granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the LLC defendants. The plaintiff moved for leave to reargue his opposition to that branch of the prior motion. In an order dated March 29, 2016, the court granted leave to reargue and, upon reargument, in effect, vacated the determination in the order dated October 27, 2014, granting that branch of the prior motion which was for summary judgment dismissing the complaint insofar as asserted against the LLC defendants, and thereupon denied that branch of the prior motion. The LLC defendants appeal.
"Motions for reargument are addressed to the sound discretion of the court which decided the original motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision" (Ito v 324 E. 9th St. Corp., 49 AD3d 816, 817; see CPLR 2221[d][2]). Here, the Supreme Court providently exercised its discretion in granting the plaintiff leave to reargue, as it overlooked the unredacted expert affidavit that was submitted by the plaintiff contemporaneous with his opposition to the LLC defendants' motion for summary judgment, and, as a result, improvidently concluded that the plaintiff's submissions failed to raise a triable issue of fact.
"In order to establish a prima facie case of liability in a medical malpractice action, the plaintiff must show (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury'" (Duvidovich v George, 122 AD3d 666, 666, quoting DiMitri v Monsouri, 302 AD2d 420, 421). A physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure or that any alleged departure was not a proximate cause of the plaintiff's injuries (see Stukas v Streiter, 83 AD3d 18, 24). The burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact only upon the defendant physician's meeting the initial burden, and only as to the elements on which the defendant met the prima facie burden (see Garrett v University Assoc. in Obstetrics & Gynecology, P.C., 95 AD3d 823, 825).
Here, the LLC defendants established their prima facie entitlement to judgment as a matter of law on the issues of departure from accepted community standards of medical practice and proximate cause by submitting the affirmation of their medical expert, who opined that Georgopoulos performed the medically appropriate procedures on the decedent, and that the decedent's later gastrointestinal bleeding could not be attributed to any act or omission of Georgopoulos. In opposition, the plaintiff submitted an affirmation of a medical expert, who opined that Georgopoulos departed from the applicable standard of care by failing to conduct additional tests to diagnose and treat the reoccurring anastomotic leak, which resulted in the decedent's death. In light of the conflicting medical expert opinions, we agree with the Supreme Court's determination, upon reargument, denying that branch of the LLC defendants' motion which was for summary judgment dismissing the medical malpractice and wrongful death causes of action insofar as asserted against them (see Leto v Feld, 131 AD3d 590, 592; Barbuto v Winthrop Univ. Hosp., 305 AD2d 623, 624).
However, the LLC defendants are entitled to summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against them. Lack of informed consent does not apply where, as here, the injuries allegedly resulted from a failure to undertake a procedure (see Ellis v Eng, 70 AD3d 887, 892). Accordingly, upon reargument, the Supreme Court should have adhered to its original determination granting that branch of the LLC defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against them.
AUSTIN, J.P., LEVENTHAL, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court