Dye v Okon (2022 NY Slip Op 01291)





Dye v Okon


2022 NY Slip Op 01291


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-12089
 (Index No. 709016/15)

[*1]Brenda Dye, etc., respondent, 
v
Stephen Okon, etc., et al., appellants, et al., defendant.


Martin Clearwater & Bell LLP, East Meadow, NY (Gregory A. Cascino, Anthony M. Sola, and Kerona K. Samuels of counsel), for appellants.
Levine & Grossman, Mineola, NY (Brian C. Lockhart of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants Stephen Okon, John Iraj, Lawrence Carl, and Main Street Radiology at Bayside, LLC, appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered September 16, 2019. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Between 2011 and 2014, the plaintiff's decedent, Delia Dye (hereinafter the decedent), underwent multiple CT scans of her chest at the defendant Main Street Radiology at Bayside, LLC (hereinafter Main Street Radiology), where the defendants Stephen Okon, John Iraj, and Lawrence Carl (hereinafter together with Main Street Radiology, the radiology defendants) were employed as radiologists.
The CT scans showed multiple nodular densities in the decedent's lungs, many of which showed evidence of "branching," and some of which increased in size while others decreased in size. The radiology defendants concluded that these factors suggested small airway inflammatory disease, which they noted in their findings. They continued to recommend follow-up CT scans until March 2014, when Carl recommended, among other things, a PET scan to exclude a tumor. The PET scan was performed at Main Street Radiology. In July 2014, the decedent underwent a CT-guided fine needle aspiration of the upper lobe of her right lung, which was positive for malignant cells. She began treatment thereafter, but died in October 2015.
Prior to her death, the decedent commenced this action to recover damages for medical malpractice and lack of informed consent against the radiology defendants and the defendant Sunil Nath, her pulmonologist. Brenda Dye, as executor of the decedent's estate, was thereafter substituted as the plaintiff. After discovery, the radiology defendants moved for summary judgment dismissing the complaint insofar as asserted against them. By order dated September 16, 2019, the [*2]Supreme Court, inter alia, denied that branch of the radiology defendants' motion which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted against them. The radiology defendants appeal.
"'The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury'" (Hayden v Gordon, 91 AD3d 819, 820, quoting DiMitri v Monsouri, 302 AD2d 420, 421). "On a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Hayden v Gordon, 91 AD3d at 820-821; see DiLorenzo v Zaso, 148 AD3d 1111, 1112; Wexelbaum v Jean, 80 AD3d 756, 757). Once a defendant makes this prima facie showing, "the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact, but only as to the elements on which the defendant met the prima facie burden" (Gillespie v New York Hosp. Queens, 96 AD3d 901, 902 [citations omitted]).
Here, the radiology defendants established their prima facie entitlement to judgment as a matter of law dismissing the medical malpractice cause of action insofar as asserted against them through the expert affirmation of a radiologist, who opined that the radiology defendants did not depart from the standard of care in their treatment of the decedent.
However, contrary to the defendant's contentions, in response, the plaintiff raised triable issues of fact through her submission of the expert affirmation of a radiologist. Among other things, the plaintiff's expert radiologist opined that the radiology defendants departed from the standard of care by failing to timely recommend that the decedent undergo additional diagnostic testing to rule out malignancy.
Contrary to the radiology defendants' further contention, the opinion of the plaintiff's expert did not constitute an attempt to expand the duty of care undertaken by the radiology defendants (see Keane v Dayani, 178 AD3d 797; Feinberg v Feit, 23 AD3d 517; cf. Mann v Okere, 195 AD3d 910).
Accordingly, the Supreme Court properly denied that branch of the radiology defendants' motion which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted against them.
IANNACCI, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court