Forgione v Rivas

2026 NY Slip Op 02250

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Anthony Forgione, appellant,

v

Doni Marie Rivas, etc., et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-08486, (Index No. 617856/21)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Lillian Wan

Laurence L. Love, JJ.

Rappaport, Glass, Levine & Zullo, LLP, Islandia, NY (Matthew J. Zullo of counsel), for appellant.

McHenry & Horan P.C., Uniondale, NY (Bruce E. Wingate of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (George M. Nolan, J.), dated June 3, 2024. The order granted the motion of the defendants Doni Marie Rivas, Rachael Goldstein, and Progressive Emergency Physicians, PLLC, for summary judgment dismissing the amended complaint insofar as asserted against them and for related relief.

ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Doni Marie Rivas, Rachael Goldstein, and Progressive Emergency Physicians, PLLC, for summary judgment dismissing the amended complaint insofar as asserted against them and for related relief is denied.

On July 21, 2019, the plaintiff presented to the emergency department of Long Island Community Hospital (hereinafter the hospital) complaining of a laceration to his left palm, where he was treated by the defendant Rachel Goldstein, a physician assistant working under the supervision of the defendant Doni Marie Rivas, both of whom were employed by the defendant Progressive Emergency Physicians, PLLC (hereinafter Progressive). Thereafter, the plaintiff commenced this action against, among others, Goldstein, Rivas, and Progressive (hereinafter collectively the defendants) to recover damages for medical malpractice. The plaintiff alleged, among other things, that the defendants were negligent in failing to diagnose and treat a severed nerve in the plaintiff's hand. Following the completion of discovery, the defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them and for related relief. In an order dated June 3, 2024, the Supreme Court granted the defendants' motion. The plaintiff appeals.

"'The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury'" (Kunwar v Northwell Health, 229 AD3d 528, 532, quoting Mendoza v Maimonides Med. Ctr., 203 AD3d 715, 716; see Macias v Ferzli, 131 AD3d 673, 675). "'In moving for summary judgment dismissing a cause of action alleging medical malpractice, a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure [*2]or deviation was not a proximate cause of any injury to the plaintiff'" (Kunwar v Northwell Health, 229 AD3d at 532 , quoting Attia v Klebanov, 192 AD3d 650, 651; see Macias v Ferzli, 131 AD3d at 675). If such a showing is made, then the burden shifts to the plaintiff to produce evidence in admissible form demonstrating the existence of a triable issue of fact (see Macias v Ferzli, 131 AD3d at 675; Stukas v Streiter, 83 AD3d 18, 30).

Here, the defendants failed to establish, prima facie, that they did not depart from the accepted standard of care. The defendants' expert affirmation, in opining that there was no departure from good and accepted medical practice, relied upon the hospital's medical records and the deposition testimony of Goldstein and Rivas that tingling in the plaintiff's fingers had resolved and that physical examination revealed no deficits in range of motion or sensation. However, the defendants' expert failed to review the deposition testimony of the plaintiff and his spouse, which contained conflicting evidence, specifically, that the plaintiff informed Goldstein that the plaintiff's fingers were numb and that he could not feel his hand (see Metcalf v O'Halleran, 137 AD3d 758, 759; Abakpa v Martin, 132 AD3d 924, 927; Reiss v Sayegh, 123 AD3d 787, 789).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them and for related relief, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).

BRATHWAITE NELSON, J.P., FORD, WAN and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court