Sunshine v Berger (2023 NY Slip Op 01701)

Sunshine v Berger

2023 NY Slip Op 01701

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2019-06791
2019-13327
 (Index No. 57292/16)

[*1]Rebecca Sunshine, respondent, 
v
Jack Berger, etc., et al., appellants, et al., defendant.

Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner of counsel), for appellants.
Koss & Schonfeld, LLP, New York, NY (Jacob J. Schindelheim of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, lack of informed consent, and negligent hiring, the defendants Jack Berger, Christopher Mattern, Stephen Andrus, and Westmed Medical Group appeal from (1) an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated May 6, 2019, and (2) an order of the same court dated October 31, 2019. The order dated May 6, 2019, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the amended complaint insofar as asserted against the defendants Jack Berger, Christopher Mattern, Stephen Andrus, and Westmed Medical Group. The order dated October 31, 2019, insofar as appealed from, in effect, upon reargument, adhered to the determination in the order dated May 6, 2019.
ORDERED that the appeal from the order dated May 6, 2019, is dismissed, as the portion of the order appealed from was superseded by so much of the order dated October 31, 2019, as was, in effect, made upon reargument; and it is further,
ORDERED that the order dated October 31, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In this medical malpractice action, the defendants moved for summary judgment dismissing the amended complaint on September 24, 2018, with a return date of November 5, 2018. The parties thereafter twice stipulated to adjourn the return date, rendering the motion returnable on January 4, 2019, with the plaintiff's opposition papers due on December 14, 2018. The plaintiff, however, filed her opposition papers on December 21, 2018, and contemporaneously requested, in an email to the court, to adjourn the return date of the motion to January 11, 2019. The plaintiff's request was denied. On or about December 27, 2018, the plaintiff moved pursuant to CPLR 2004 for leave to file late opposition papers, and in a order dated February 25, 2019, the Supreme Court (Joan B. Lefkowitz, J.) denied that motion. Thereafter, the defendants' motion for summary judgment was decided by a different Justice (John P. Colangelo, J.) in an order dated May 6, 2019. [*2]In the order dated May 6, 2019, the court, inter alia, denied those branches of the defendants' motion which were for summary judgment dismissing the amended complaint insofar as asserted against the defendants Jack Berger, Christopher Mattern, Stephen Andrus, and Westmed Medical Group (hereinafter collectively the moving defendants) on the ground that the plaintiff's opposition raised a triable issue of fact.
On or about June 6, 2019, the moving defendants moved for leave to reargue those branches of the defendants' prior motion which were for summary judgment dismissing the amended complaint insofar as asserted against the moving defendants, contending, inter alia, that the untimeliness of the plaintiff's opposition papers was the law of the case by virtue of the order dated February 25, 2019, and that the Supreme Court was precluded from considering the untimely papers. In an order dated October 31, 2019, the court, in effect, granted reargument, and upon reargument, adhered to the prior determination in the order dated May 6, 2019. The moving defendants appeal.
"The doctrine of the law of the case seeks to prevent relitigation of issues of law that have already been determined at an earlier stage of the proceeding" (Bank of N.Y. Mellon v Singh, 205 AD3d 866, 868 [internal quotation marks omitted]). The doctrine, however, "applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision, and to the same questions presented in the same case" (Vehifax Corp. v Georgilis, 205 AD3d 973, 975 [internal quotation marks omitted]; see Foley v Foley, 190 AD3d 953). Here, contrary to the moving defendants' contentions, the Supreme Court providently exercised its discretion in determining that the doctrine of the law of the case did not preclude its consideration of the plaintiff's late opposition papers to the defendants' motion for summary judgment. The February 25, 2019 order, denying the plaintiff's motion for leave to file late opposition papers to the defendants' motion for summary judgment, was more akin to a case management decision subject to the discretion of the court and did not constitute a determination on the merits sufficient for the law of the case doctrine to apply to bar consideration of those papers subsequently by a different Justice (see Aurora Loan Servs., LLC v Dorfman, 170 AD3d 786, 787; Clark v Great Atl. & Pac. Tea Co., Inc., 23 AD3d 510, 511; Latture v Smith, 304 AD2d 534).
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Mendoza v Maimonides Med. Ctr., 203 AD3d 715 [internal quotation marks omitted]). "On a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant doctor has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Dye v Okon, 203 AD3d 702, 703 [internal quotation marks omitted]). Where a defendant makes a prima facie showing on both elements, "the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element" (Stukas v Streiter, 83 AD3d 18, 25). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519).
Here, the defendants established their prima facie entitlement to judgment as a matter of law on the departure element through submission of, among other things, affirmations of three experts, who collectively opined, to a reasonable degree of medical certainty, that based on their review of the medical records, the care and treatment received by the plaintiff was in accordance with good and accepted standards of care in the medical community.
However, contrary to the moving defendants' contentions, in opposition, the plaintiff raised triable issues of act through submission of her experts' affirmations as to whether the moving defendants departed from accepted medical practice by failing to order additional diagnostic testing or a referral to an infectious disease specialist that would have diagnosed and led to earlier treatment of the plaintiff's infection.
As to the element of proximate cause, the moving defendants failed to make a prima facie showing that the alleged departures from accepted medical practice were not a proximate cause of the plaintiff's injuries (see Martins v Fontanetta, 205 AD3d 798, 800; see also Barnett v [*3]Fashakin, 85 AD3d 832, 835).
Accordingly, the Supreme Court, in effect, upon reargument, properly adhered to the prior determination denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against the moving defendants.
The moving defendants' remaining contentions, concerning the causes of action alleging negligent hiring and lack of informed consent, are without merit.
BARROS, J.P., ZAYAS, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court