Miller-Albert v EmblemHealth (2024 NY Slip Op 05340)

Miller-Albert v EmblemHealth

2024 NY Slip Op 05340

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2021-06812
 (Index No. 23895/11)

[*1]Jennifer E. Miller-Albert, etc., appellant,
v
EmblemHealth, etc., et al., defendants, Scott Andes, etc., respondent.

Aguwa & Metu, P.C., Jamaica, NY (Chijioke Metu of counsel), for appellant.
Sheeley, LLP, New York, NY (Jon Lichtenstein of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated September 8, 2021. The order, insofar as appealed from, granted the renewed motion of the defendant Scott Andes for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the renewed motion of the defendant Scott Andes for summary judgment dismissing the complaint insofar as asserted against him is denied.
On April 8, 2010, John Albert (hereinafter the decedent) had his first consult with the defendant Scott Andes with complaints of abdominal pain. On May 5, 2011, a CT scan of the decedent's abdomen revealed multiple tumor masses in the right and left lobes of the decedent's liver "consistent with metastatic disease." The decedent was diagnosed with inoperable liver cancer and subsequently died on March 18, 2012.
The plaintiff commenced this action against Andes, among others, inter alia, to recover damages for medical malpractice. In an order dated September 8, 2021, the Supreme Court, among other things, granted Andes's renewed motion for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff appeals.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Sunshine v Berger, 214 AD3d 1020, 1022 [internal quotation marks omitted]). "Thus, a defendant moving for summary judgment must make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the patient's injuries" (Rybek v New York City Health & Hosps. Corp., 228 AD3d 968, 968 [internal quotation marks omitted]).
"To meet that burden, a defendant must submit in admissible form factual proof, generally consisting of affidavits, deposition testimony and medical records, to rebut the claim of malpractice" (Glassman v Caremount Med., P.C., 226 AD3d 878, 879 [internal quotation marks omitted]). However, "'[b]are conclusory assertions' by 'defendants that they did not deviate from [*2]good and accepted medical practices, with no factual relationship to the alleged injury, do not establish that the cause of action has no merit so as to entitle defendants to summary judgment'" (DiLorenzo v Zaso, 148 AD3d 1111, 1112, quoting Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; see Neumann v Silverstein, 227 AD3d 914, 916). "A defendant's failure to satisfy this prima facie burden requires denial of the motion, regardless of the sufficiency of the opposing papers" (Ciceron v Gulmatico, 220 AD3d 732, 734).
Here, Andes failed to establish his prima facie entitlement to judgment as a matter of law. The affidavit and supplemental affidavit of Andes's expert physician, Reed E. Phillips, were insufficient to establish the absence of any departure from good and accepted medical practice (see Neumann v Silverstein, 227 AD3d at 916). Phillips's opinion that Andes did not depart from the standard of care by failing, inter alia, to obtain the decedent's prior medical records, to order a CT scan, MRI, or other imaging, and to timely diagnose the decedent with liver cancer, as well as his opinion that the decedent's cancer was incurable by the time the decedent first treated with Andes, was speculative and conclusory and otherwise insufficient to demonstrate that Andes comported with good and accepted standards of practice in his care and treatment of the decedent or that any alleged departure was not a proximate cause of the decedent's injuries and ultimate death (see id.; Ciceron v Gulmatico, 220 AD3d at 735; Garcia-DeSoto v Velpula, 164 AD3d 474, 475).
Since Andes failed to establish his prima facie entitlement to judgment as a matter of law, it is unnecessary to review the sufficiency of the plaintiff's opposition papers (see Neumann v Silverstein, 227 AD3d at 916; Hiegel v Orange Regional Med. Ctr., 219 AD3d 910, 914).
Accordingly, the Supreme Court should have denied Andes's renewed motion for summary judgment dismissing the complaint insofar as asserted against him.
IANNACCI, J.P., MALTESE, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court