Delia v Wieder (2025 NY Slip Op 01605)

Delia v Wieder

2025 NY Slip Op 01605

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2021-01846
 (Index No. 617091/18)

[*1]Michael Delia, et al., respondents, 
v
Alan Wieder, etc., et al., defendants, Mercy Medical Center, et al., appellants.

Martin Clearwater & Bell LLP, East Meadow, NY (Gregory A. Cascino, Rosaleen T. McCrory, Elizabeth J. Sandonato, and Richard Wolf of counsel), for appellants.
Law Offices of Sandra M. Radna, P.C., Melville, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Mercy Medical Center, Jessica Ambrose, and Lukas J. Shutler appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered February 23, 2021. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
During his admission to a hospital on July 10, 2016, the plaintiff Michael Delia (hereinafter the injured plaintiff) was diagnosed with Fournier's gangrene, an aggressive, life-threatening disease. Thereafter, the injured plaintiff, and his spouse suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice against, among others, the defendants Mercy Medical Center, Jessica Ambrose, and Lukas J. Shutler (hereinafter collectively the Mercy defendants), who treated the injured plaintiff in the Mercy Medical Center emergency department on July 5, 2016. The Mercy defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered February 23, 2021, the Supreme Court denied the motion. The Mercy defendants appeal.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Sunshine v Berger, 214 AD3d 1020, 1022 [internal quotation marks omitted]). "On a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant . . . has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (id. [internal quotation marks omitted]). If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d 18).
Here, the Mercy defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. By submitting, among [*2]other things, the affirmation of an expert in emergency medicine, the Mercy defendants demonstrated, prima facie, that the treatment they provided did not depart from accepted medical practice and, in any event, that their treatment did not proximately cause the injured plaintiff's injuries (see Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d 653, 655).
In opposition, however, the plaintiffs raised triable issues of fact as to whether the Mercy defendants departed from accepted medical practice and whether such departure proximately caused the injured plaintiff's injuries. The plaintiffs' expert opined, inter alia, that the Mercy defendants failed to appropriately investigate the injured plaintiff's symptoms, which included an elevated white blood cell count indicative of infection, and failed to perform appropriate tests that could have addressed his infection before it developed into Fournier's gangrene. Where, as here, experts offer conflicting opinions, a credibility question is presented requiring a jury's resolution (see Revellino v Haimovic, 216 AD3d 687, 689).
The Mercy defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the Mercy defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court