Delia v Wieder (2025 NY Slip Op 01604)

Delia v Wieder

2025 NY Slip Op 01604

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2021-01431
 (Index No. 617091/18)

[*1]Michael Delia, et al., respondents, 
v
Alan Wieder, etc., et al., defendants, Anthony Bruno, etc., appellant.

Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, Eric S. Strober, and Evan Krinick of counsel), for appellant.
Law Offices of Sandra M. Radna, P.C., Melville, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Anthony Bruno appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered February 16, 2021. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
During an admission to a hospital on July 10, 2016, the plaintiff Michael Delia (hereinafter the injured plaintiff) was diagnosed with Fournier's gangrene, an aggressive, life-threatening disease. Thereafter, the injured plaintiff, and his spouse suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice against, among others, the defendant Anthony Bruno, a urologist who treated the injured plaintiff on July 7, 2016. Bruno moved for summary judgment dismissing the complaint insofar as asserted against him. In an order entered February 16, 2021, the Supreme Court denied the motion. Bruno appeals.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Sunshine v Berger, 214 AD3d 1020, 1022 [internal quotation marks omitted]). "On a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant . . . has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (id. [internal quotation marks omitted]). "Medical expert affirmations that fail to address the essential factual allegations in the plaintiff's complaint or bill of particulars fail to establish prima facie entitlement to judgment as a matter of law" (Garcia-DeSoto v Velpula, 164 AD3d 474, 474-475; see Neumann v Silverstein, 227 AD3d 914, 916).
Here, Bruno failed to establish his prima facie entitlement to judgment as a matter of law. His expert affirmations failed to address the plaintiffs' allegations that Bruno failed to properly diagnose and treat an infection when the injured plaintiff presented to him on July 7, 2016, ultimately resulting in the injured plaintiff suffering Fournier's gangrene (see Garcia-DeSoto v [*2]Velpula, 164 AD3d at 475). Since Bruno failed to establish his prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied his motion for summary judgment dismissing the complaint insofar as asserted against him, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court